STATE OF CONNECTICUT *v.* WAYNE VARRICCHIO
(3964)

HULL, DALY and STOUGHTON, Js.

Argued February 9—decision released March 24, 1987

*Jon L. Schoenhorn,* for the appellant (defendant).

*James A. Killen,* deputy assistant state's attorney, with whom, on the brief, were *James G. Clark* and *Michael Dannehy,* assistant state's attorneys, for the appellee (state).

DALY, J. The defendant appeals from the judgment of conviction, after a jury trial, of operating a motor vehicle while under the influence of intoxicating liquor in violation of General Statutes § 14-227a.[1] The defendant claims that the trial court erred (1) in permitting him to proceed without an adequate waiver of counsel and (2) in failing to protect him as a pro se defendant during the course of the trial. We find error on the first claim.

The jury could reasonably have found the following facts: On July 1, 1984, at approximately 3 a.m., a Cromwell police officer observed a motor vehicle traveling west on Route 72. The vehicle suddenly slowed down and made a left turn into the parking lot of a Seven Eleven convenience store. No left turn signal was used and an accident was narrowly avoided. The officer pulled into the lot behind the vehicle and asked the defendant, the driver, whether he was having any trouble with his signal lights. The defendant "smelled of alcohol, had glassy eyes, a vacant stare and slurred speech." He was arrested and transported to police headquarters after failing to respond to requests to perform field sobriety tests. A search of the defendant's vehicle revealed several opened bottles of liquor.

The defendant was originally represented by private counsel whom he discharged in September, 1984. The state claims that the defendant waived his right to coun-

---

[1] General Statutes § 14-227a provides in pertinent part: "No person shall operate a motor vehicle while under the influence of intoxicating liquor or any drug or both."

sel and elected to represent himself.[2] He proceeded to trial as a pro se defendant and was found guilty by a jury in December, 1984.

In his first claim, the defendant alleges that he did not adequately or properly waive his right to counsel. A criminal defendant is guaranteed the right to assistance of counsel under the federal; see *Gideon* v. *Wainwright,* 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963); and the state constitutions. *State* v. *Gethers,* 193 Conn. 526, 533, 480 A.2d 435 (1984) *(Gethers I).* A criminal defendant also has the right to appear pro se in a state criminal trial if he voluntarily and intelligently decides to do so. *Faretta* v. *California,* 422 U.S. 806, 807, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975); see also *Gethers I,* supra, 533, citing *Lyles* v. *Estelle,* 658 F.2d 1015, 1020 (5th Cir. 1981); see generally annot., 98 A.L.R.3d 13 (1980). The court in *Faretta* stated: "When an accused manages his own defense, he relinquishes, as a purely

---

[2] Prior to the start of the trial, the trial court questioned the defendant regarding self-representation. The relevant parts of that exchange are as follows:

"The Court: I'm going to treat you as anybody else, in that this is a case that is of consequence to you, and if you want to represent yourself, go right ahead and do it.

"The Defendant: Okay.

"State's Attorney: Your Honor, before we—Would you make an inquiry as to whether he's really competent to, or he's really waiving his right to counsel at this point, because there are implications if he's convicted.

"The Court: Sir, you know you have a right to an attorney?

"The Defendant: Um-hum.

"The Court: You know that. . . . And, how far did you go in school?

"The Defendant: High school, right.

"The Court: Whereabouts did you go?

"The Defendant: Cromwell High.

"The Court: Cromwell High. What do you do now?

"The Defendant: I'm in construction.

"The Court: What kind of work do you do?

"The Defendant: I have my own business.

"The Court: And, I assume you would know that you're being charged with driving while intoxicated?

"The Defendant: Yes, sir."

factual matter, many of the traditional benefits associated with the right to counsel. For this reason, in order to represent himself, the accused must 'knowingly and intelligently' forego those relinquished benefits. *Johnson* v. *Zerbst,* 304 U.S. [458, 464–65, 58 S. Ct. 1019, 82 L. Ed. 1461 (1938)]; cf. *Von Moltke* v. *Gillies,* 332 U.S. 708, 723–24, 68 S. Ct. 316, 92 L. Ed. 2d 309 [1948] (plurality opinion of Black, J.). Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.' *Adams* v. *United States ex rel. McCann,* 317 U.S. [269, 279, 63 S. Ct. 236, 87 L. Ed. 268 (1942)]." *Faretta* v. *California,* supra, 835. Accordingly, our Supreme Court has recognized that an accused need only voluntarily and intelligently waive the right to counsel to exercise his right to defend himself in person. *State* v. *Gethers,* 197 Conn. 369, 376–77, 497 A.2d 408 (1985) *(Gethers II); Gethers I,* supra, 533; see *State* v. *Blackwell,* 9 Conn. App. 587, 593, 520 A.2d 634 (1987). When faced with a defendant who is deciding whether to appear pro se or with a lawyer, it is vital that the trial judge satisfy himself that the defendant, if he chooses to appear pro se, is fully aware of the risks involved and makes the choice knowingly. *Gethers II,* supra, 380–81.

The defendant claims that the trial court did not follow the procedure required by Practice Book § 961 for a proper waiver of the constitutional right to counsel.[3]

---

[3] Practice Book § 961 provides: "A defendant shall be permitted to waive his right to counsel and shall be permitted to represent himself at any stage of the proceedings, either prior to or following the appointment of counsel. A waiver will be accepted only after the judicial authority makes a thorough inquiry and is satisfied that the defendant:

"(1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;

Practice Book § 961 cannot require more than is constitutionally mandated to waive the right to counsel since such waiver triggers the defendant's constitutional right to self-representation. The rule is written to implement the latter right as well as to protect the former. "A defendant *shall be permitted* . . . to represent himself at any stage of the proceedings . . . [but] only after the judicial authority makes a thorough inquiry and is satisfied" that there has been an effective waiver. Practice Book § 961; *Gethers I,* supra, 534.

Our role as a reviewing court is to determine whether at any point in the proceedings the defendant effectively waived his right to counsel. *Edwards* v. *Arizona,* 451 U.S. 477, 482, 101 S. Ct. 1880, 68 L. Ed. 2d 378, reh. denied, 452 U.S. 973, 101 S. Ct. 3128, 69 L. Ed. 2d 984 (1981); *State* v. *Williams,* 199 Conn. 30, 44, 505 A.2d 699 (1986); *State* v. *Rapuano,* 192 Conn. 228, 233 n.7, 471 A.2d 240 (1984). This determination is based on U.S. Supreme Court guidelines. First, courts are required to " 'indulge every reasonable presumption against waiver' of fundamental constitutional rights . . . ." *Johnson* v. *Zerbst,* supra, 464. In addition, "[p]resuming waiver from a silent record is impermissible." *Carnley* v. *Cochran,* 369 U.S. 506, 516, 82 S. Ct. 884, 8 L. Ed. 2d 70 (1962). It has long been acknowledged that "[t]he determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused."

"(2) Possesses the intelligence and capacity to appreciate the consequences of the decision to represent himself;

"(3) Comprehends the nature of the charges and proceedings, the range of permissible punishments, and any additional facts essential to a broad understanding of the case; and

"(4) Has been made aware of the dangers and disadvantages of self-representation."

*Johnson* v. *Zerbst,* supra. This important decision rests within the discretion of the trial judge. Id., 465; see *State* v. *Simmonds,* 5 Conn. Cir. 178, 184, 247 A.2d 502 (1968).

The state concedes in its brief that the court did not advise the defendant of an *indigent's* right to counsel. The state claims, however, that since the defendant never claimed indigency and because he temporarily retained counsel prior to the trial, and again on appeal, he was not jeopardized by the trial court's failure to inquire about his knowledge of the right "to the assistance of counsel, including his right to the assignment of counsel when he is so entitled." Practice Book § 961 (1). The state seems to be arguing, though not expressly, that because the defendant retained counsel at various times, he was not indigent. The trial court never inquired whether the defendant knew that he had a right to a *court-appointed* attorney if he could not otherwise afford one. Had the court done so, the defendant might have revealed what he disclosed in his closing argument to the jury, that private counsel "would cost [him] three-thousand five hundred dollars," raising the specter of an indigent defendant being tried without counsel and without a clear showing of the waiver of the right to counsel. The court would then have been alerted to the possibility that the defendant might be indigent and did not intend to waive his right to counsel, so that an appropriate inquiry might have been made.

The right to counsel is so basic that its violation mandates reversal even if no particular prejudice is shown and even if there is overwhelming evidence of guilt. *United States* v. *Decoster,* 624 F.2d 196, 201 (D.C. Cir. 1979); see also *Rose* v. *Clark,* 478 U.S. 570, 106 S. Ct. 3101, 92 L. Ed. 2d 460, 470 (1986).

In view of our holding on this claim, it is unnecessary to consider the remaining claim.

There is error, the judgment is set aside and the case is remanded for a new trial.

In this opinion the other judges concurred.