STATE OF CONNECTICUT *v.* LAWRENCE R. SMITH
(7014)

DUPONT, C. J., O'CONNELL and FOTI, Js.

Argued December 15, 1988—decision released May 16, 1989

*Julian Schlesinger,* special public defender, with whom, on the brief, were *David A. Dee* and *Carmine J. Giuliano,* for the appellant (defendant).

*Vincent J. Dooley,* deputy assistant state's attorney, with whom, on the brief, was *Michael J. Sullivan,* assistant state's attorney, for the appellee (state).

DUPONT, C. J. The defendant appeals from the trial court's judgment of revocation of his probation pursuant to General Statutes § 53a-32. The defendant claims that the trial court erred (1) in finding that he violated his probation, (2) in revoking his probation, and (3) in allowing him to represent himself without an adequate waiver of counsel. We find error on the last claim, and, therefore, need not decide the first two claims.

The defendant was sentenced on July 31, 1986, to two concurrent terms of four years, execution suspended after time served, with five years probation, on his guilty pleas to one count of larceny in the third degree and to one count of attempt to commit burglary in the third degree, in violation of General Statutes §§ 53a-124 and 53a-103. On February 14, 1987, the defendant was arrested by police officers responding to a domestic complaint, and charged with robbery in the third

degree, breach of peace, two counts of interfering with an officer, and two counts of assault on an officer.

On December 11, 1987, the defendant was arrested pursuant to General Statutes § 53a-32 for violating his probation. After a probation revocation hearing, the court found that the defendant had engaged in conduct on February 14, 1987, that constituted a violation of his probation. The court thereupon revoked probation and sentenced the defendant to serve two concurrent terms of four years, less time served as of July 31, 1986. The defendant was subsequently found not guilty on the charges that arose from his arrest on February 14, 1987.[1]

In his last claim, dispositive of this appeal, the defendant alleges that the court should not have accepted his waiver of his right to counsel.[2] The right to assistance

---

[1] One of the conditions of probation to which the defendant had agreed after his sentencing on July 31, 1986, was that he not violate any criminal law of the state of Connecticut. A revocation of probation proceeding based upon a violation of a criminal law need not be deferred until after a disposition of the charges underlying the arrest because the purpose of a probation revocation hearing is to determine whether a defendant's conduct constituted an act sufficient to support a revocation of probation; *Payne* v. *Robinson,* 10 Conn. App. 395, 503 A.2d 917 (1987); rather than whether the defendant had, beyond a reasonable doubt, violated a criminal law. The proof of the conduct at the hearing need not be sufficient to sustain a violation of a criminal law. Id., 402.

[2] The portion of the transcript relevant to the defendant's claim states:

"The Court: Mr. Smith, my question was whether or not throughout the balance of this trial you wish to have Mr. Hines excused on the basis of malicious and intentional and ineffective counsel?

"The Defendant: No, no I don't. I would like for him to be here just for exactly what I just told you.

"The Court: And what was that Mr. Smith? What do you want him there for?

"The Defendant: The court was recessed for five minutes. We can back—

"The Court: What services do you wish to have him continue to serve you with?

"The Defendant: As a legal advisor.

"The Court: I see.

"The Defendant: As a witness.

of counsel is guaranteed to a defendant in a criminal
proceeding by the sixth and fourteenth amendments

"The Court: Well, he cannot serve you as a witness, you understand that?

"The Defendant: Well, he cannot serve me where he came out of that room and broke these people up out of a huddle after you ordered a sequestration and they got up on the stand under oath and said they did not speak to each other sir.

"The Court: You do wish to have Mr. Hines continue to sit to your left?

"The Defendant: Exactly.

"The Court: And be available to you as a legal advisor?

"The Defendant: Exactly, sir.

"The Court: Mr. Hines, I realize the impasse of his making a formal accusation of malicious, intentional and ineffective counsel.

"Mr. Hines: I can't possibly represent him, Judge. It's impossible at this point.

"The Defendant: Well, for the sake of argument, sir, I'll see you later.

"Mr. Hines: As much as I'd like to, and I think I've done a lot of work on this case, with that allegation there is no possibility.

"The Defendant: I'll see you later.

"Mr. Hines: Especially now with an attorney client relationship now, when the gentleman is saying—

"The Defendant: There was never one, sir, from the outset of these proceedings. Excuse me, Your Honor, I asked Mr. Hines, I said, 'What's what,' he said, 'You've been hit with a violation of probation.' I was under the assumption I was here to pick a jury trial. They hit me with two counts of violation of probation. He came in the back room, I said, 'Sir, what's going on, and am I going to start picking a jury today?' He said to me, he said, 'No they are going to start a violation of probation.' And I said, 'What does that consist of?' He says, 'I don't know, ask Shorty.' Shorty, Your Honor, is an inmate.

"The Court: Are you therefore dismissing Mr. Hines?

"The Defendant: I'm dismissing him.

"The Court: Thank you, Mr. Smith. Mr. Hines, you have just been dismissed.

"Mr. Hines: May I be excused, Your Honor?

"The Court: Yes, you may. All right, do you wish to call a witness, Mr. Smith?

"The Defendant: Yes sir, I do. I wish to call Theresa M. Morris to the stand please.

"Mr. Sullivan: Your Honor, I'm sure it's implied, but given the difficulty which this fairly routine type of proceeding has a history of, I would like to know whether or not the defendant is asking for standby counsel or simply wishes to proceed.

"The Defendant: We can proceed, sir.

"Mr. Sullivan: As pro se?

to the constitution of the United States; *Gideon* v. *Wainwright,* 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963); and by our state constitution. *State* v. *Gethers,* 193 Conn. 526, 533, 480 A.2d 435 (1984) (*Gethers I*); *State* v. *Varricchio,* 10 Conn. App. 265, 267, 522 A.2d 843 (1987). This constitutional right has been extended to defendants in probation violation hearings by § 53a-32 (a)[3] of the General Statutes. *Gentry* v. *Warden,* 167 Conn. 639, 645, 356 A.2d 902 (1975).

"The Court: Are you then waiving counsel from this point forward?

"The Defendant: I am waiving.

"The Court: Do you understand that by waiving counsel you're putting yourself at a disadvantage?

"The Defendant. Exactly, sir.

"The Court: Do you understand by waiving counsel you will be dealing with evidentiary issues that an attorney might be better aware of than you are?

"The Defendant: Exactly.

"The Court: Do you understand that by waiving counsel you are agreeing to putting yourself in a weaker position than you might otherwise be in?

"The Defendant: Yes, sir.

"The Court: On what basis do you feel that you have the capacity to continue without an attorney?

"The Defendant: Because I believe I can prove my allegations beyond a shadow of a doubt, sir.

"The Court: Do you feel you have enough of an understanding of the legal techniques and legal matters and the law?

"The Defendant: Yes, sir, I do.

"The Court: Of the law both in terms of the statutes and the case law and evidentiary matters in courtrooms?

"The Defendant: Yes, yes, sir, I do.

"The Court: And you would prefer to proceed yourself without having counsel appointed at this time?

"The Defendant: Yes, sir.

"The Court: All right you may proceed."

[3] General Statutes § 53a-32 (a) provides in pertinent part: "At any time during the period of probation or conditional discharge, the court or any judge thereof may issue a warrant for the arrest of a defendant for violation of any of the conditions of probation or conditional discharge, or may issue a notice to appear to answer to a charge of such violation, which notice shall be personally served upon the defendant. . . . Upon such arrest and detention, the probation officer shall immediately so notify the court or any judge thereof. Thereupon, or upon an arrest by warrant as herein provided, the court shall cause the defendant to be brought before it without

"A criminal defendant also has the right to appear pro se in a state criminal trial 'when he voluntarily and intelligently elects to do so.' *Faretta* v. *California,* 422 U.S. 806, 807, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975) . . . ." *State* v. *Gethers,* 197 Conn. 369, 376, 497 A.2d 408 (1985) (*Gethers II*); *State* v. *Varricchio,* supra, 267. Because a defendant has a constitutional right to the assistance of counsel at a hearing concerning the possible violation of his probation; *Gentry* v. *Warden,* supra, 645; he has the concomitant constitutional right to represent himself at such a hearing upon an effective waiver of the right to the assistance of counsel. See *Gethers I,* supra, 533.

When a defendant is deciding whether to appear pro se or with a lawyer, it is vital for the trial court to satisfy itself that the defendant, if he or she chooses to appear pro se, is fully aware of the risks involved and makes the choice knowingly. *Gethers II,* supra, 380–81; *State* v. *Varricchio,* supra, 268. Our role as a reviewing court is to determine whether the defendant effectively waived his right to counsel. *State* v. *Varricchio,* supra, 269.

"This determination is based upon [United States] Supreme Court guidelines. First, courts are required to ' "indulge every reasonable presumption against waiver" of fundamental constitutional rights . . . .' *Johnson* v. *Zerbst,* [304 U.S. 458,] 464 [58 S. Ct. 1019, 82 L. Ed. 1461 (1938)]. In addition, '[p]resuming waiver from a silent record is impermissible.' *Carnley* v. *Cochran,* 369 U.S. 506, 516, 82 S. Ct. 884, 8 L. Ed.

unnecessary delay for a hearing on the violation charges. At such hearing, the defendant shall be informed of the manner in which he is alleged to have violated the conditions of his probation or conditional discharge, shall be advised by the court that he has the right to retain counsel and, if indigent, shall be entitled to the services of the public defender, and shall have the right to cross-examine witnesses and to present evidence in his own behalf."

2d 70 (1962). It has long been acknowledged that '[t]he determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.' *Johnson* v. *Zerbst,* supra. This important decision rests within the discretion of the trial judge. Id., 465 . . . ." (Citation omitted.) *State* v. *Varricchio,* supra, 269–70.

Practice Book § 959 provides that "[a] person who is charged with an offense punishable by imprisonment, or who is charged with violation of probation . . . shall be entitled to have counsel represent him unless: (1) He waives such appointment pursuant to [Practice Book] Sec. 961 . . . ." Once the requirements of Practice Book § 961[4] are satisfied, the defendant's constitutional right to self-representation is triggered. The rule is written to implement the constitutional right of self-representation as well as to protect the defendant's constitutional right to the assistance of counsel. *Gethers I,* supra, 534; *State* v. *Varricchio,* supra, 269; *State* v. *Blackwell,* 9 Conn. App. 587, 595, 520 A.2d 634, cert. denied, 203 Conn. 804, 525 A.2d 519 (1987).

The defendant argues that the court failed to comply with the provisions of Practice Book § 961 in that

---

[4] Practice Book § 961 provides: "A defendant shall be permitted to waive his right to counsel and shall be permitted to represent himself at any stage of the proceedings, either prior to or following the appointment of counsel. A waiver will be accepted only after the judicial authority makes a thorough inquiry and is satisfied that the defendant:

"(1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;

"(2) Possesses the intelligence and capacity to appreciate the consequences of the decision to represent himself;

"(3) Comprehends the nature of the charges and proceedings, the range of permissible punishments, and any additional facts essential to a broad understanding of the case; and

"(4) Has been made aware of the dangers and disadvantages of self-representation."

the court did not inquire into the educational background or intelligence of the defendant, did not advise the defendant that he could have standby counsel appointed, or advise him of the range of punishments that he faced upon the revocation of his probation, or of the specific dangers of self-representation. The defendant also argues that the court should have advised him that the standard of proof in a revocation hearing is not "beyond a shadow of a doubt."[5] We conclude that the trial court failed to comply substantially with Practice Book § 961 (3), and, therefore, limit our discussion of the defendant's arguments to that section.

The defendant asserts that he was not informed of "the range of punishments that he faced upon the revocation of probation." Practice Book § 961 (3) requires that the court be satisfied that the defendant "[c]omprehends the nature of the charges and proceedings, the range of permissible punishments, and any additional facts essential to a broad understanding of the case. . . ." A court is entitled to presume that defense counsel has explained the nature of the offense in sufficient detail. *State* v. *Blackwell,* supra, 597, citing *Gethers I,* supra, 537. In this case, however, the defendant stated, on the record, that he asked his attorney about the nature of the proceedings instituted against him and whether he was "going to start picking a jury," whereupon his attorney replied that the proceedings did not involve selecting a jury but rather concerned the charge that the defendant had violated his probation. When the defendant asked what this particular proceeding entailed, his attorney allegedly said: "I don't know, ask Shorty." The defendant stated that "Shorty" was a fellow inmate. We cannot presume, therefore, that the

[5] The defendant told the court that he could prove his allegations "beyond a shadow of a doubt." The defendant may not have been referring to the standard of proof to be used at his hearing in the context in which the remark was made. See footnote 2, supra.

defendant's attorney had explained the nature of the offense to the defendant.

It also is not apparent that the defendant understood the "range of permissible punishments" that could occur if his probation were revoked.[6] The state argues that the *Blackwell* presumption, that a court is entitled to presume that a defendant has had the nature of the offense explained to him, leads to the conclusion that the defendant understood the range of permissible punishments since the latter conclusion is embodied within the former presumption. For the same reasons discussed above, however, we cannot indulge in the presumption.

The state argues that the defendant's attorney and the defendant's probation officer stated, on the record, in the presence of the defendant, that the defendant was exposed to "forty-four months" and that he was sentenced in both cases to "four years, execution suspended after time served and five years probation." This testimony, however, did not concern the "range of permissible punishments" that would result if the court found that the defendant had violated the terms of his probation. Rather, this testimony was in response to the court's request for clarification regarding the original July 31, 1986 sentence imposed upon the defendant. This testimony also took place *eleven days* before the defendant sought to invoke his right to represent himself. Accordingly, we cannot conclude that the defendant sufficiently understood the "nature of the charges and proceedings" and "the range of per-

---

[6] General Statutes § 53a-32 (b) provides in pertinent part: "If such violation is established, the court may continue or revoke the sentence of probation or conditional discharge or modify or enlarge the conditions, and, if such sentence is revoked, require the defendant to serve the sentence imposed or impose any lesser sentence. No such revocation shall be ordered, except upon consideration of the whole record and unless such violation is established by reliable and probative evidence."

missible punishments'' involved in the revocation hearing before he allegedly waived the assistance of counsel.

We conclude that the trial court failed to comply substantially with Practice Book § 961 (3). Because § 961 protects a defendant's right to the assistance of counsel, as well as his corollary right to self-representation; *Gethers I*, supra, 534; substantial defective compliance with the rule requires reversal "even if no particular prejudice is shown and even if there is overwhelming evidence of guilt." *State* v. *Varricchio*, supra, 270.

In view of our holding on this claim, it is unnecessary to consider the defendant's remaining claims of error.

There is error, the judgment is set aside and the case is remanded for a new hearing.

In this opinion the other judges concurred.