[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I
This is a habeas matter. Mitchell Henderson filed his petition on September 23, 1997, alleging illegal confinement by reason of ineffective assistance of appellate counsel and of habeas counsel. The petitioner also alleges illegal confinement by reason of a constitutionally defective canvass at the time of trial.
A hearing on the petitioner's Third Amended Petition opened on May 20, CT Page 1586 1999, continued on April 6, 2000 and to September 20, 2000, when the parties rested and the matter was continued for briefing.
 II
The petitioner was the defendant in State v. Mitchell Henderson, CR92-418290, in the Judicial District of Hartford. The defendant was charged with Robbery in the First Degree, in violation of General Statutes, § 53a-134(a)(3), two counts of Assault in the Third Degree, in violation of General Statutes, § 53a-61(a)(1), Criminal Mischief in the Third Degree, in violation of General Statutes, §53a-117(a)(1)(A), Threatening, in violation of General Statutes, §53a-62(a)(1) and Criminal Attempt to Escape from Custody in violation of General Statutes, §§ 53a-171, 53a-168(2) and 53a-49. Following a trial to a jury, he was convicted of robbery in the first degree, one count of assault in the third degree, threatening and attempt to escape from custody; he pleaded guilty to the criminal mischief count and pleaded guilty to being a persistent dangerous felony offender, in violation of General Statutes, § 53a-40(a) and to being a persistent serious felony offender, in violation of General Statutes, § 53a-40(b) and (g). The petitioner received a total effective sentence of thirty five years. At trial the petitioner represented himself, with Attorney Martin P. Zeldis acting as standby counsel. Following conviction, the petitioner appealed and was represented on appeal by attorneys James P. Ray and Craig A. Raabe, special public defenders. The petitioner's conviction was upheld by the Appellate Court, State v. Henderson, 37 Conn. App. 733, cert. denied, 234 Conn. 912. Subsequently, the petitioner filed a petition for a writ of habeas corpus, alleging illegal confinement by reason of ineffective assistance of standby counsel at the time of trial. Attorney Thomas Conroy represented the petitioner as habeas counsel. This petition (No. CV94-0544836) was denied by decision issued on June 23, 1997 (Corrigan, J.)
 III
The instant petition is in three counts. Count One alleges ineffective assistance of habeas counsel (Conroy) by reason of habeas counsel's failure to raise the issues of failure of standby counsel at trial, and of appellate counsel on appeal, to raise the issue of a constitutionally defective canvass by the trial court regarding the petitioner's right to counsel. Count Two alleges ineffective assistance of appellate counsel (Ray and Raabe) by reason of counsel's failure to raise the issue of said canvass on appeal. Count Three alleges that the petitioner was denied his constitutional right to legal representation by reason of the said defective canvass by the trial court judge. By way of relief the petitioner seeks a new trial or, in the alternative, restoration of his CT Page 1587 appellate right, limited to challenging the allegedly defective canvass by the trial court judge.
 IV
The right to counsel is so basic that its violation mandates reversal even if no particular prejudice is shown and even if there is overwhelming evidence of guilt, State v. Varricchio, 10 Conn. App. 265,270 (citations omitted). The determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused. Id., at 269 (citation omitted). This important decision rests within the discretion of the trial judge, Id., at 270 (citation omitted). There is no mandate that a trial court, in discharging this duty, adopt a "precise litany of questions" to be "satisfied." State v. Gethers, 193 Conn. 526,549 (Healey, J., dissenting, citation omitted).
A habeas petitioner claiming deprivation of his constitutional right to effective assistance of counsel has the burden of showing (1) that the performance of his counsel was deficient" in that it was outside the range of reasonable professional assistance of a competent trial or appellate lawyer; and (2) that the deficient performance "prejudiced" the petitioner such that there is a reasonable probability that, but for the deficient performance of counsel, the result would have been different,Strickland v. Washington, 466 U.S. 668, 687-94, 102 S.Ct. 2052,80 L.Ed.2d 674 (1984). A reasonable probability is a probability sufficient to undermine confidence in the outcome, Id. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . .", Strickland v. Washington, supra, at 689-90. A court deciding an ineffective assistance of counsel claim need not address the question of counsel's performance if it is easier to dispose of the claim on the ground of insufficient prejudice,Norton v. Manson, 207 Conn. 118, 124.
A criminal defendant is entitled to adequate and effective assistance of counsel at all critical stages of legal proceedings, Id., at 686. A criminal defendant also enjoys the constitutional right to self-representation at trial, provided he knowingly and intelligently waives the right to counsel, State v. Oliphant, 47 Conn. App. 271, 276
(citations omitted) The right to counsel and the right to self-representation are, of course, mutually exclusive alternatives,State v. Wolff, 237 Conn. 633, 654.
"The trial of a criminal case, and the ensuing appeal from a judgment of conviction, are not separate and distinct proceedings, divorced from CT Page 1588 one another. They are part of the continuum of the process of adjudication", Bunkley v. Commissioner of Correction, 222 Conn. 444, 459
(citation omitted). The constitutional right of a criminal defendant to the effective assistance of counsel also includes the right to such assistance on the defendant's first appeal as of right, Id., at 454. A criminal defendant likewise is entitled to the effective assistance of habeas counsel when challenging his conviction by means of a habeas petition. See Lozada v. Warden, 223 Conn. 834.
The right to effective assistance of counsel does not include an unlimited opportunity to obtain alternate counsel, State v. Patavino,51 Conn. App. 604, 609 (citation omitted). It does not include the unbridled right to discharge counsel on the eve of trial, Id. (citations omitted).
 V
The crux of the petitioner's claim is that the trial court did not advise him appropriately of his right to counsel and to self-representation pursuant to Practice Book, Section 44-3; thus petitioner's waiver of counsel was not knowing and voluntary. Should the trial court's canvass pass muster, the petitioner's claims of ineffective assistance of appellate and habeas counsel must fail.
Section 44-3 reads as follows:
 A defendant shall be permitted to waive the right to counsel and shall be permitted to represent himself or herself at any stage of the proceedings, either prior to or following the appointment of counsel. A waiver will be accepted only after the judicial authority makes a thorough inquiry and is satisfied that the defendant
 (1) Has been clearly advised of the right to the assistance of counsel, including the right to the assignment of counsel when so entitled;
 (2) Possesses the intelligence and the capacity to appreciate the consequences of the decision to represent oneself;
 (3) Comprehends the nature of the charges and proceedings, the range of permissible punishments, and any additional facts essential to a broad understanding of the case; and CT Page 1589
 (4) Has been made aware of the dangers and disadvantages of self-representation.
The petitioner claims the trial court's canvass was fatally deficient specifically with reference to Section 44-3(1) in that the trial court failed to inform the petitioner of his right to counsel on two occasions, first, just prior to jury selection, and again, when the prosecution added another charge following the alleged defective canvass.
As to §§ 44-3(2)(3) and (4), petitioner's habeas counsel describes his client as "a bright and articulate man by all accounts" and the petitioner does not seriously contest the respondent's claim that at the time of the canvass at issue, the petitioner had accumulated considerable experience in the criminal justice system. Further, the record shows that in the canvass the trial court engaged in an extensive discussion with the petitioner regarding self-representation, its pitfalls and the petitioner's legal experience, the charges he faced and the range of permissible punishments if convicted (Plaintiff's Exhibit I, August 25, 1993 transcript). The record discloses that at no time during the canvass did the judge state: "You have the right to an attorney and if you are unable to obtain counsel by reason of indigency, the court may appoint counsel to represent you", or words to that effect. Nor did the court inform the petitioner, that he was free to request substitute counsel, which request the court could grant for cause shown. It is the absence of such advisement that the petitioner contends renders the canvass fatally defective. The Court disagrees, for reasons stated below.
 VI
The factual context from which this claim arises is as follows: following the petitioner's arrest in January, 1992, public defender Martin Zeldis was appointed to represent him. On or about August 25, 1993, just prior to the start of jury selection, the petitioner expressed to Zeldis his dissatisfaction with Zeldis' representation and indicated he wanted another lawyer. Zeldis told the petitioner that the public defender's office would not, at this stage of the proceedings, appoint an attorney to replace Zeldis and that if the petitioner insisted on replacing Zeldis, the petitioner could either hire a lawyer or represent himself. It was clear to both Zeldis and the petitioner that the petitioner was in no position to hire a lawyer. Zeldis advised against the petitioner representing himself. The petitioner indicated that, faced with those choices, he would elect to represent himself. Zeldis and the state's attorney, Carl Taylor, repaired to the trial judge's chambers, where Zeldis reported the situation to the judge. Following this meeting, the trial judge opened court and conducted the canvass at CT Page 1590 issue.
 VII
In the course of this habeas hearing Attorney Lori Welch-Rubin testified for the petitioner as an expert in appellate matters. Welch-Rubin opined that the trial court canvass at issue failed to comply with the requirements of Practice Book, Section 44-3(1) and thus was constitutionally deficient. She concluded that appellate counsel, in failing to raise this issue on appeal, fell below a reasonable standard for appellate counsel in a criminal matter such as this. Attorney Welch-Rub in concluded that there were two bases for appeal; the defective canvass and the failure of the trial court to re-canvass the petitioner when an additional count 6, criminal attempt to escape from custody, was added following the canvass at issue. Attorney Welch-Rubin believed the latter issue was the stronger of the two.
The petitioner's appellate counsel, Attorney Raabe, testified that in preparing the appeal he was aware of the issue of a defective canvass, but concluded the issue of defective canvas was not an issue of great merit in the sense that he expected to prevail on appeal (Transcript, May 20, 1999, p. 91), Raabe testified he believed in being selective there were other issues better pursued on appeal.
The requirements of Practice Book, Section 961 [now S. 44-3] are reviewed extensively in State v. Wolf, supra, at 654-57. This Court finds that the trial court in the instant matter complied with the Wolf
standards. In particular, the trial court made it clear to the petitioner that he had a choice between proceeding pro se or with assigned counsel, Zeldes. See U.S. v. Hurtado, 47 F.3d 577, 583.
The trial court did not inform the petitioner that he was free to ask for substitute counsel, which request could be granted for cause shown; nor does Practice Book, S. 44-3 require the trial court so to inform the petitioner.
The Court finds that the petitioner has failed to establish there was substantially defective compliance by the trial court with Practice Book, Section 44-3, such as to render the petitioner's waiver of his right to counsel unknowing or involuntary. The focus of the trial court judge was on alerting the petitioner to the pitfalls of self-representation and satisfying herself that the standards of Section44-3 were met. The trial court then found the petitioner's waiver of counsel to be knowing and intelligent, appointed Zeldis as standby counsel and explained to the petitioner that at any time the petitioner could indicate to the court that he wished Zeldis to resume CT Page 1591 representation and the court would grant such request. This court finds that the canvass at issue complied with the requirements of Practice Book, Section 44-3
 VII
The Court is persuaded that the petitioner was aware of his right to counsel. The petitioner had considerable experience as a defendant in the criminal justice system. Attorney Zeldis had been appointed to represent the petitioner in the instant matter, and continued to represent the petitioner on the persistent dangerous felony offender and persistent serious felony offender charges after the petitioner elected to appear pro se in the instant matter. When, on the eve of trial, the petitioner indicated he no longer wanted Zeldis to represent him, Zeldis informed the petitioner that he could hire a private attorney, allow Zeldis to continue representation or represent himself. Zeldis explained that the public defender's office would not appoint a special public defender to represent the petitioner in the trial at issue. Given the timing of the petitioner's request and the weakness of the petitioner's reason — that Zeldis had failed to contact him until just prior to trial, a claim that was not only inadequate but inaccurate — Zeldis' advice, that the petitioner had the choice to retain Zeldis or to choose self-representation, was a realistic statement of the alternatives available to the petitioner. The Court is not persuaded that the petitioner's waiver of his right to counsel was made unknowingly or involuntarily. The court finds that, in the circumstances of this case, the trial court had a reasonable basis for concluding that the petitioner's waiver of counsel was made knowingly and voluntarily. The court finds further, that the petitioner has failed to establish, by a fair preponderance of the evidence, that appellate counsel's failure to raise the issue of deficient § 44-3 canvass on appeal constituted ineffective assistance of counsel. Rather, such failure was a reasonable exercise of counsel's judgment in determining which issues offered the best prospect of success on appeal. Similarly, the petitioner has failed to establish that habeas counsel's (Conroy) failure to raise said issue constituted ineffective assistance of counsel.
 VIII
Assuming, arguendo, that appellate and habeas counsel's performances were deficient, the petitioner has failed to satisfy' the "prejudice" standard as applied in Bunkley v. Commissioner, 222 Conn. 444. UnderBunkley, an appellant must show, not that, but for appellate counsel's error, petitioner would have prevailed on appeal, but, rather, that appellate counsel's error undermines confidence in the verdict at trial, Id., at 459. This the petitioner has failed to show. Both standby counsel CT Page 1592 Zeldis and state's attorney Carl Taylor, who prosecuted the case at issue, agree that the state's case was very strong, with eyewitness testimony of the victim key. The petitioner has failed to establish a reasonable probability that the result at trial would have been different, had the petitioner been represented at trial by a competent, experienced attorney.
The petitioner further argues that, being "forced" to represent himself, the petitioner opened himself up to "close scrutiny" by the trial court, resulting in a "harsh sentence;" The petitioner contends that had he been represented by counsel, who would have shielded the petitioner from such scrutiny, the petitioner would have received a lesser punishment. The petitioner again has failed to establish this claim by the requisite standard of proof.
Seeking to distinguish Bunkley v. Commissioner, supra, from his own case, the petitioner points out that Zeldis, having informed the petitioner that the public defender's office would not appoint a special public defender to represent the petitioner at trial, later did recommend that said office assign a special public defender to represent the petitioner at sentencing and the public defender's office arranged to have Attorney Raab represent the petitioner at sentencing. Accepting such to be the facts, such facts do not buttress the petitioner's claim that his waiver of counsel was unknowing and involuntary by reason of the trial court's defective canvass. Attorney Zeldis testified at the instant habeas hearing that during the course of the trial he and the petitioner worked reasonably well together, Zeldis acting as standby counsel and also continuing to represent the petitioner on the Part B information; but at the time of sentencing the petitioner was extraordinarily hostile, "would not communicate with me at all" (Transcript, May 20, 1999, p. 83) prompting Zeldis to make said recommendation.
 IX
The petitioner has failed to establish, by a fair preponderance of the evidence, that the trial court's canvass was substantially deficient; has failed to establish that, in failing to raise the issue of a defective canvass, appellate counsel's performance was deficient, nor that said performance prejudiced the petitioner; and has failed to establish that, in failing to raise the issue of a defective canvass, habeas counsel's performance was deficient, nor that said performance prejudiced the petitioner.
Accordingly, the petition is dismissed and judgment may enter in favor of the respondent. CT Page 1593
By the Court,
Downey, J.T.R.