[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
STIPULATED FACTS:
On November 20, 1992 the defendant received a total effective sentence of 6 years execution suspended after serving 3 years followed by 3 years of probation on 2 counts of VSNDA, with a release date of 9/25/94.
On April 26, 1994, the defendant was subsequently sentenced to 2 years consecutive on a charge of robbery in the second degree, resulting in a new release date of 9/18/96 on which probation was to commence according to the department of corrections.
On March 10, 1998 this defendant was arrested at the courthouse on two violation of probation warrants and subjected to a search incident to that arrest resulting in the seizure of a quantity of narcotics and, ultimately, the pending narcotics charges which defendant seeks to dismiss. CT Page 14696
Additionally, the violations of probation matters were dismissed by the court, Damiani, J., apparently, based on the court's belief that the defendant was not on probation at the time of the arrests on the violation of probation charges; ie., that probation had begun on the original release date of 9/24/94, and, therefore, concluded by the date of the arrests, 3/10/98.
ISSUE:
Whether the pending narcotics charges should be dismissed, as the defense asserts, on the grounds that the above stated search was incident to an illegal arrest for which there was no probable cause since the defendant was no longer on probation at the time of the arrests for violation of probation.
The state responds that the defendant was, in fact, on probation at the time of the arrests for violation of probation since the consecutive sentence for robbery in the second degree resulted in a new release date of 9/18/96, at which time probation commenced
ANALYSIS:
This court agrees with the defense that if at the time of the arrests for violation of probation the defendant's probation had already concluded, then the arrests were illegal and any subsequent search and seizure incident to the arrests was tainted by that illegality. However, there is no authority to support the proposition that the defendant was not on probation at the time of the arrests.
Defendant's belief that probation commenced on the original release date is based on Section53a-31(a) of the General Statutes which states that probation imposed after a period of incarceration commences on the day the defendant is released from "such" imprisonment. Defendant argues that "such" imprisonment refers to the original sentence of imprisonment.
However, in State v. McFarland, 36 Conn. App. 440, 448 (1995) our appellate court defined "release" to mean "actual physical release" from custody; and has clearly asserted that probation begins on the date of actual physical release from imprisonment whether by mistake or not. In other words, even if the defendant had mistakenly served an additional two years, his probation would not have commenced until his physical release CT Page 14697 from imprisonment. Physical release in this case was to commence on 9/18/96.
Furthermore, the defense concedes that had the consecutive 2-year sentence been imposed on the same day as the original sentence the release date in terms of the start of probation would be 9/18/96. What then is the authority for the result to be any different if the consecutive sentence were imposed the next day or any other day prior to the physical release of the defendant when probation commences by law?
As the state points out, from a public policy standpoint it would make no sense for a consecutive sentence to run during the probationary period since it would negate the intention of the sentencing court with respect to the original sentence, that is, for there to be a period of probation following release from prison for rehabilitative purposes while still under supervision.
Defendant relies on State v. Strickland, 39 Conn. App. 722
(1995) for the proposition that a sentence of incarceration can run at the same time as a probationary period. However, the reliance is misplaced since Strickland stands for the proposition that the probationary period cannot be suspended or tolled once it had commenced. In Strickland a consecutive sentence had been imposed after the defendant had begun his period of probation. In this case the consecutive sentence had been imposed prior to the defendant's release from custody and, therefore, prior to commencement of probation.
Though the violation of probation matters that constituted the basis for the arrest, search and seizure, were dismissed by the court, Damiani, J., Presiding, there was no attendant legal discussion or analysis on the record explaining the basis for the dismissal; and, therefore, the dismissal provides little guidance for this court with respect to this issue of the legality of the search and seizure, and no authority for the proposition that the defendant's probation had concluded by the time of the arrests.
For the foregoing reasons, defendant's motion to dismiss isDenied.
Roland D. Fasano, Judge of the Superior Court CT Page 14698