## NADINE THOMAS ET AL. *v.* PATRIOT GENERAL INSURANCE COMPANY

| Superior Court | Judicial District of Hartford | File No. CV950554882S |
| --- | --- | --- |

Memorandum filed June 29, 1999

*Gerald Delpiano*, for the plaintiffs.

*Fitzhugh & Associates*, for the defendant.

I

INTRODUCTION

RITTENBAND, J. This appears to be a case of first impression in Connecticut.

The following facts are undisputed. On June 3, 1994, at approximately 2:30 p.m., the plaintiff Arshon Thomas (plaintiff) who was then fifteen years of age, was a passenger in a motor vehicle driven by a fellow student, Christopher Quealy. Quealy lost control of the automobile causing it to flip over onto its roof and crash into a tree causing the plaintiff to sustain personal injuries. The automobile was taken by Quealy without the owner's permission. The insurance carrier for the motor vehicle denied liability coverage because of Quealy's nonpermissive use of the motor vehicle. The defendant, Patriot General Insurance Company, had issued an auto insurance policy to the named plaintiff, Nadine Thomas, the plaintiff's mother, which provided for uninsured motorist coverage. The plaintiff is an insured under that policy. The automobile in which the plaintiff was a passenger was an uninsured motor vehicle.

The defendant has filed three special defenses, and the plaintiff has moved for summary judgment as to the second and third special defenses. The second special defense claims an offset for basic reparations benefits paid to the plaintiff, in effect claiming collateral source offset. Practice Book § 10-78 specifically prohibits the pleading of collateral source payments as described in General Statutes §§ 52-225a and 52-225b. Basic reparations benefits which are pleaded as an offset in the second special defense are included under the definition of collateral sources in § 52-225b. The defendant cites *Bennett* v. *Automobile Ins. Co. of Hartford,* 230

Conn. 795, 806, 646 A.2d 806 (1994), for the proposition that issues of policy limitation must be raised by a special defense. Collateral source is not a policy limitation. The defendant has properly pleaded policy limitation in the first special defense. The second special defense, however, is not a policy limitation but rather a collateral source payment. Under Practice Book § 10-78, such a special defense is prohibited. Practice Book § 17-44, however, does not provide for summary judgment as to special defenses.[1]

The real issue concerning these motions for summary judgment is in regard to the third special defense which states that: "Plaintiff is barred from recovery because at the time of the accident he was using a car without the permission of the owner."

II

STANDARD OF REVIEW

"A trial court may appropriately render summary judgment when the documents submitted demonstrate that there is no genuine issue of material fact remaining between the parties and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) *Burns* v. *Hartford Hospital*, 192 Conn. 451, 455, 472 A.2d 1257 (1984); *Bartha* v. *Waterbury House Wrecking Co.*, 190 Conn. 8, 11, 459 A.2d 115 (1983).

---

[1] *Moffa* v. *Geico General Ins. Co.*, Superior Court, judicial district of Waterbury, Docket No. CV96132030 (October 23, 1998) (*Shortall, J.*), quoting *Dubourg* v. *Osborn*, Superior Court, judicial district of Litchfield, Docket No. CV940065070 (July 5, 1995) (*Pickett, J.*); see *EMC Mortgage Corp.* v. *Friedman*, Superior Court, judicial district of Tolland at Rockville, Docket No. CV9354135S (November 17, 1994) (*Rittenband, J.*) (denying plaintiff's motion for summary judgment as to special defenses because "Practice Book § 379 [now § 17-44] does not permit summary judgment against special defenses"), citing *Bycoski* v. *Gagne*, Superior Court, judicial district of Tolland at Rockville, Docket No. CV9352555S (August 18, 1994) (*Hammer, J.*).

A party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact. *Dougherty* v. *Graham*, 161 Conn. 248, 250, 287 A.2d 382 (1971). To satisfy this burden, the movant must make a showing that it is quite clear what the truth is and that there is no doubt as to the existence of a genuine issue of material fact. *Plouffe* v. *New York, N. H. & H. R. Co.*, 160 Conn. 482, 488, 280 A.2d 359 (1971). The test has been said as one "[i]n deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Internal quotation marks omitted.) *Cummings & Lockwood* v. *Gray*, 26 Conn. App. 293, 297, 600 A.2d 1040 (1991).

### III

### ISSUES

### A

It is well settled law that "[i]t is the function of the court to construe the provisions of the contract of insurance." (Internal quotation marks omitted.) *O'Brien* v. *United States Fidelity & Guaranty Co.*, 235 Conn. 837, 842, 669 A.2d 1221 (1996).

### 1

The defendant claims that because this was a one car accident, the plaintiff was not "struck" and, therefore, there is no uninsured coverage, citing the following language in the policy: "We promise to pay damages, excluding punitive or exemplary damages other than those vicariously imposed that the owner or operator of an uninsured or underinsured motor vehicle is legally obligated to pay because of bodily injury you suffer in

a car accident *as a result of having been struck* by an uninsured or underinsured motor vehicle." (Emphasis added.)

The court is not persuaded for the following reasons.

2

Such language is an expansion of the limitations of an uninsured motorist provision of an insurance policy and, therefore, is in violation of General Statutes § 38a-336 (a) (1), which provides in pertinent part: "Each automobile liability insurance policy shall provide insurance, herein called uninsured . . . motorist coverage . . . for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles . . . because of bodily injury, including death resulting therefrom . . . ."

There is no limitation under that statute or under § 38a-334-6 (a) of the Regulations of Connecticut State Agencies that an insured has to be "struck" by an uninsured or underinsured motor vehicle. It is also well settled law that an insurer may not, by contract, reduce its liability for uninsured motorist coverage unless specifically authorized by state insurance regulations. There is no authorization for this additional limitation, and, therefore, it is not valid.

3

The defendant's interpretation of the words "struck by" is tortuous at best. The defendant claims that the plaintiff would have to have been struck by another vehicle other than the one in which he was a passenger. A logical reading of the words "struck by" an uninsured motor vehicle includes the vehicle in which the plaintiff was riding.[2] In order to have sustained his injuries, it

---

[2] Webster's Ninth New Collegiate Dictionary (1991) defines "strike" as "to come into contact forcefully."

is clear that he was hit by or struck by a part of that motor vehicle.

Accordingly, not only is the language invalid as a limitation, but the words by themselves do not exclude coverage of the plaintiff in this situation.

B

The defendant claims that the language on page one of the subject policy that states: "We insure other cars you use *with the permission of the owner*"; (emphasis added); applies to the plaintiff under the uninsured provision of the policy and that it is the burden of the plaintiff to prove that he had the permission of the owner. The defendant further claims that even if there was permissive use, there was no uninsured coverage. The defendant claims that the provision that "we insure other cars you use with the permission of the owner" and that pursuant to the uninsured endorsement of the policy, the policy excludes "a car we insure." This claim is without merit. The latter position is very close to double-talk and is probably unintelligible to the average policyholder. On one hand, the defendant says it insures cars you use (and a passenger has been defined as "using" the car), and then, in the uninsured motorist section, coverage is excluded for a car the defendant insures. Also, it is contrary to the legislative intent. In Connecticut, the legislative intent behind the underinsured (uninsured) motorist statutes has been defined repeatedly as "to assure that every insured recovers damages he or she would have been able to recover if the uninsured . . . motorist had maintained a policy of liability insurance." (Internal quotation marks omitted.) *United States Fidelity & Guaranty Co.* v. *Pitruzzello*, 35 Conn. App. 638, 644–45, 646 A.2d 936, cert. denied, 231 Conn. 933, 649 A.2d 255 (1994).

Further, under the ruling of *Harvey* v. *Travelers Indemnity Co.*, 188 Conn. 245, 248, 449 A.2d 157 (1982),

uninsured motorist coverage "attaches to the insured person, not the insured vehicle." Therefore, the exclusion for "a car we insure" is invalid.

### C

The final dispute between the parties is whether the plaintiff, who is admittedly an "insured" under the policy, is excluded from benefits if he used the vehicle without the permission of the owner. The plaintiff contends that the provision on the first page of the policy under "CARS WE INSURE," subparagraph "OTHER CARS" provides in pertinent part: "We insure other cars you use with the permission of the owner" applies only to the liability portion of the policy and not to the uninsured motorist provision of the policy. The court finds that this is not in the provision concerning liability insurance. That is on page three, and this provision is on page one, providing a definition of cars that the defendant insures. The defendant claims that since the language is on page one, and the policy must be read as a whole, that it applies to uninsured motorist coverage even though that section does not have a specific exclusion for nonpermissive use.[3] The plaintiff claims that in order to apply to uninsured motorist coverage, the exclusion must be in the uninsured motorist section of the policy.

The court agrees with the plaintiff for the following reasons.

### 1

Under "UNINSURED MOTOR VEHICLES" on page nine of the policy, there is no provision that it must be a motor vehicle which is used by the insured with the

---

[3] Of course, that argument is contrary to the defendant's argument in part III B of this opinion in which it claims that page one states that "we insure other cars you use with the permission of the owner" but then excludes under uninsured coverage "cars we insure."

permission of the owner. Furthermore, under "EXCLUDED UNINSURED MOTOR VEHICLES," there are three specific exclusions, and there is no exclusion for a car used by the insured *without the permission of the owner*. Under the rules of statutory construction, which can be applied to this contract as well, the defendant had an opportunity to put in the "EXCLUDED UNINSURED MOTOR VEHICLES" on page nine the exclusion for vehicles used by the insured without the permission of the owner, and did not do so, and, therefore, did not intend to do so. Further, it is a well settled principle that the exclusion of one is the inclusion of another. Here, on page nine, the policy excludes three situations in which a vehicle is not considered an uninsured motor vehicle. Therefore, "UNINSURED MOTOR VEHICLES" does include the motor vehicle used by the insured without the permission of the owner since it is not an exclusion included under those "EXCLUDED."

2

Under *Harvey* v. *Travelers Indemnity Co.*, supra, 188 Conn. 248, the coverage, as previously stated, attaches to the insured person, not the insured vehicle. Therefore, the exclusion from what is stated as uninsured motor vehicles does not apply since the coverage attaches to the insured plaintiff and not to the motor vehicle itself.

3

Additionally, if there is a question between the meaning of the exclusions on page nine under "UNINSURED MOTORIST INSURANCE" and the exclusion or inclusion on page one of "CARS WE INSURE," which provides that "[w]e insure other cars you use with the permission of the owner," then the policy is ambiguous. It is well settled law that contracts of insurance which are prepared by the insurance company, where ambiguous, must be construed in favor of the policyholder and

insured. Also, in construing any limitation of liability of an uninsured motorist carrier to honor its obligations under the policy, the courts must construe the provisions of such limitations or exclusion against the insurer. *Hansen* v. *Ohio Casualty Ins. Co.*, 239 Conn. 537, 544–45, 687 A.2d 262 (1996); *American Universal Ins. Co.* v. *DelGreco*, 205 Conn. 178, 196, 530 A.2d 171 (1987).

### 4

The defendant has argued that it was not the intent or expectation of the plaintiff's mother when she purchased the policy that if her son were to be involved in the theft of a motor vehicle or to be using the same without the permission of the owner, there would be coverage. Her actual intent is unknown, however, and she probably never considered this issue. There is no evidence that this was explained to her, and she probably assumed, if she thought about it at all, that she had purchased uninsured motorist coverage. It is fundamentally unfair to expect an insured, who is a layperson, to understand the intricacies of an insurance policy's terms, especially this policy which is termed "Plain Talk" but which is, nevertheless, convoluted at best.[4]

The defendant may argue that it is against public policy to cover someone who is involved in using a car without the owner's permission. That exclusion, however, should have been in the uninsured motorist section.

For the aforementioned reasons, the court must find against the defendant based upon the language of the policy itself, which should be interpreted in favor of

---

[4] It is standard practice that insurance policies are not negotiated. They are given to the insured on a take it or leave it basis. Even if they were negotiable, it is hardly a level playing field. The insured would be at a substantial disadvantage. Under these circumstances, the defendant's contention as to the insured's intent has no basis in fact or in inference.

the insured. If the defendant wanted to exclude nonpermissive use under the uninsured motorist section of the policy, it should have included such exclusion in that section. It can still do so for future policies. If a statutory revision is required to permit an exclusion for nonpermissive use, then it is up to the legislature to make the amendment necessary to achieve that result.

Whether the plaintiff's use of the vehicle was without permission is not material because there is no exclusion for nonpermissive use as to the uninsured motorist coverage.

There is no genuine issue of material fact, and the plaintiff is entitled to judgment as a matter of law.

## IV

## CONCLUSION

Accordingly, the defendant's cross motion for summary judgment is denied, and the plaintiff's motion for summary judgment, dated March 11, 1999, as to the liability of the defendant under the contract of insurance is granted.