[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE MOTION FORCT Page 12896 REARGUMENT/RECONSIDERATION/ARTICULATION
On July 19, 1999, the plaintiffs, Lucio and Susan Seguro (Seguros), husband and wife, filed a complaint against the defendants, J.J. Toons Cafe (J.J. Toons), a restaurant, and John E. Cummiskey and Steven John Benanti, who were d.b.a. J.J. Toons, alleging negligence (count one), recklessness (count two) and loss of consortium (count three). The Seguros allege that on July 26, 1997, while Lucio delivered stacks of newspapers from his van on the shoulder of Silver Lane, a public thoroughfare in East Hartford, William F. Leonard, a J.J. Toons employee and patron, while driving intoxicated, struck Lucio's van, which then moved forward and struck Lucio, seriously injuring him. The Seguros allege that before the accident, Cummiskey and Bennati served an already intoxicated Leonard alcoholic beverages. The Seguros further allege that Cummiskey and Bennati's negligence and recklessness in serving Leonard were a direct cause of Lucio's injuries and damages and Susan's loss of her husband's consortium.
On November 18, 1999, Cummiskey filed an answer to the Seguros' complaint. On January 7, 2000, Cummiskey filed a motion to consolidate the Seguros' action filed on July 19, 2000, with a prior pending action,Seguro v. Leonard, Superior Court, judicial district of Hartford, Docket No. 576259, which the court, Berger, J., granted. On June 7, 2000, Cummiskey filed a motion for summary judgment as to count one of the Seguros complaint filed on July 19, 1999, which the court, Rittenband,J., denied.
On March 7, 2001, Cummiskey filed a request for leave to amend an answer and special defense to the Seguros' complaint, claiming a $100,000 set off related to the settlement of Seguro v. Leonard, supra, Superior Court, Docket No. 576259. On March 27, 2001, the Seguros filed an objection, along with a memorandum to Cummiskey's request and on April 4, 2001, Cummiskey filed a reply to the Seguros' objection. On April 17, 2001, this court sustained the Seguros' objection. On April 25, 2001, Cummiskey filed a motion for reargument/reconsideration and articulation of this court's ruling on the Seguros' objection, and this court granted the motion on May 23, 2001. On June 18, 2001, the Seguros filed a reply to Cummiskey's motion for reargument/reconsideration and articulation.
"The fundamental purpose of a special defense, like other pleadings, is to apprise the court and opposing counsel of the issues to be tried, so that the basic issues are not concealed until the trial is underway."Bennett v. Automobile Ins. Co. of Hartford, 230 Conn. 795, 802,646 A.2d 806 (1994). In addition, `[t]he purpose of a special defense is CT Page 12897 to plead facts that are consistent with the allegations of the complaint that demonstrate, nonetheless, that the plaintiff has no cause of action." Grant v. Bassman, 221 Conn. 465, 472-73, 604 A.2d 814 (1992).
Cummiskey argues that this court should exercise its discretion and grant his request to amend. Specifically, Cummiskey argues that granting the request would not unduly delay the Seguros, nor would it work an injustice. Cummiskey further argues that General Statutes §52-225a[1] is inapplicable to the facts here, and that Practice Book § 10-79[2] has been extended to defendants who are not insurers, and as such the $100,000 settlement with Leonard, "though not a collateral source, should be credited . . . in this action."
The Seguros argue that pursuant to General Statutes § 52-572h,[3]
Cummiskey is not entitled to claim a set off of $100,000 because Cummiskey was not a party to the settlement proceedings in Seguro v.Leonard, supra, Superior Court, Docket No. 576259. The Seguros further argue that Cummiskey incorrectly relies on § 10-79 and on cases where the defendants were "parties to the original proceedings and were seeking to set off part of their liabilities from monies they had already paid."
"The right of set-off, whether legal or equitable has always been confined to rights of action arising from contract." Springfield-De WittGardens, Inc. v. Wood, 143 Conn. 708, 713, 125 A.2d 488 (1956). "The right of set-off, in short, does not depend upon the mutuality of debts in their origin, as an inherent quality attaching itself to such debts, but upon the situation and rights of the parties, between whom it is sought to be enforced; and whether the suit be at law or in equity, there must be personal debts existing between them, and not merely between either of them, and third persons." (Internal quotation marks omitted.)Bassett v. City Bank Trust Co., 115 Conn. 1, 9, 160 A. 60 (1932). See General Statutes § 52-139 (a) ("In any action brought for the recovery of a debt, if there are mutual debts between the plaintiff or plaintiffs, or any of them, and the defendant or defendants, or any of them, one debt may be set off against the other.").
"The language and legislative history of § 52-225a clearly indicate that § 52-225a was intended to prevent plaintiffs from obtaining double recoveries, i.e., collecting economic damages from a defendant and also receiving collateral source payments." (Internal quotation marks omitted.) Mack v. LaValley, 55 Conn. App. 150, 167, 738 A.2d 718, cert. denied, 251 Conn. 928, 742 A.2d 363 (1999). "[T]he statute as written reflects an intention by the legislature not only to prohibit a double recovery by a plaintiff, but also to provide that in a situation where an award already is reduced by an amount attributable to a plaintiff's percentage of negligence, a defendant is not to receive a benefit orCT Page 12898windfall of a further reduction in the award on account of benefitsreceived b a plaintiff due to the plaintiff's prudence." (Emphasis added.) Id., 169.
In Neary v. McCarthy, Superior Court, judicial district of Litchfield, Docket No. 063412 (February 2, 1995, Pickett J.), the court struck the defendant's first special defense. The defendant's first special defense did not clearly allege collateral source payments, and it was not a proper claim for legal or equitable setoff. Id. The defendant insufficiently alleged collateral source payments because he failed to allege that "payment was received pursuant to any insurance or contract as defined by . . . [§] 52-225b. . . ." In addition, the defendant insufficiently alleged setoff because he failed to allege a debt due by the plaintiff and a mutuality of debts. Id; see also HartfordNational Bank Trust Co. v. Riverside Trust Co., 117 Conn. 276, 281,167 A. 811 (1933) ("A right of set-off does not attach to and run with a debt, but depends upon the situation existing when the action is brought or a settlement made in lieu of an action.")
Policy limitations, like collateral source payments, result in reducing the judgment in a case to an amount lower than the verdict. Garcia v. ITTHartford Ins. Co., Superior Court, judicial district of Hartford, Docket No. 579974 (December 8, 1998, Peck, J.) (23 Conn. L. Rptr. 450, 452). InGarcia v. ITT Hartford Ins. Co., supra, 23 Conn. L. Rptr. 453, the court denied, in its entirety, the motion to strike the defendant's special defenses because the fifth special defense qualified "under the plain language of § 10-79 as a credit for a payment made by or on behalf of third party tortfeasors," and the defendant's other special defenses pertained to "issues of policy limitations." In Thomas v. Patriot GeneralIns. Co., 46 Conn. Sup. 188, 190, 742 A.2d 174 (1999), the defendant properly pleaded policy limitation in the first special defense, however, the second special defense was not a policy limitation but rather a collateral source payment. "Under . . . [Practice Book §] 10-78 . . . the [defendant's second] special defense is prohibited." Id.
In Nash v. Yap, Superior Court, judicial district of Litchfield, Docket No. 264636, (December 18, 1996, Thim, J.) (18 Conn. L. Rptr. 423), the court applied Tort Reform II to the parties' dispute over whether the jury award should be reduced by the settlement that the plaintiff made with a party prior to trial. The court determined that the plaintiff's settlement should not be deducted from the jury award. The court in Nashv. Yap, 247 Conn. 638, 658, 726 A.2d 92 (1999). affirmed the judgment of the trial court except, however, for its refusal to subtract the settlement amount from the damages to be apportioned to the defendants. The court ordered the judgment to be recalculated because it determined that "the apportionment provisions of Tort Reform II, rather than CT Page 12899 repealing Tort Reform I, amended the earlier statute only with regards to injuries occurring after the effective date of Tort Reform II." Id., 654. The court further determined that Tort Reform I governed the case because the plaintiff's injury occurred after the effective date of Tort Reform I, but before the effective of Tort Reform II. Id., 645 (Tort Reform I, effective October 1, 1986, and Tort Reform II, effective October 1, 1987).
Like the plaintiff in Neary v. McCarthy, supra, Superior Court, Docket No. 063412, Cummiskey failed to allege that the Seguros received the settlement pursuant to any insurance or contract. Moreover, assuming arguendo that § 52-225a is applicable here, Tort Reform II would apply and the settlement amount alleged in Cummiskey's first special defense would not reduce possible damages awarded in this case. See Nashv. Yap, 247 Conn. 638, 649, 726 A.2d 92 (1999) ("Under Tort Reform I, but not under Tort Reform II, settlements are treated as deductible collateral sources."). Unlike the plaintiff in Nash v. Yap, supra,247 Conn. 654, Lucio's alleged injuries occurred on July 26, 1997, almost ten years after the effective date of Tort Reform II.
In addition, Cummiskey fails to allege a mutuality of debt. In particular, Cummiskey alleges that his claim is set off by a $100,000 settlement of a companion lawsuit, however, Cummiskey's special defense fails to allege that a personal debt exists between him and Leonard. Cummiskey's mere reference to Seguro v. Leonard, supra, Superior Court, Docket No. 576259, as a companion lawsuit,[4] is not sufficient to allege mutuality of debt, and the Seguros' complaint lacks the inference that personal debt exists between Cummiskey and Leonard.
Further, Cummiskey's allegation that "[t]he defendant claims a set off of $100,000.00 related to the settlement of a companion lawsuit. . . ." is an improper pleading under § 10-79. Cummiskey's special defense would not qualify under the plain language of § 10-79, because Cummiskey has not alleged that he is an insurer, and he failed to allege policy limitations or a credit for a payment made by or on behalf of Leonard. Rather, Cummiskey has merely pleaded a settlement related to a suit but unconnected to any insurance obligation.
Because Cummiskey's special defense insufficiently sets forth a claim of setoff, policy limitations and collateral sources, and because it alleges a settlement, this court finds that it correctly sustained the Seguros' objection to Cummiskey's request to amend his answer and special defense. Cummiskey has failed to plead facts that are consistent with the allegations of the Seguros' complaint that demonstrate that the Seguros have no cause of action. Moreover, this court must deny Cummiskey's motion because it is sound public policy to prevent Cummiskey from CT Page 12900 "receiving a benefit or windfall of a further reduction on account of benefits received" by the Seguros, due to them settling with Leonard. CfMack v. LaValley, supra, 55 Conn. App. 169.
After full reconsideration of the issue, the court confirms the correctness of its initial ruling sustaining the Seguros' objection.
Hale, JTR