[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS THE VIOLATION OF PRORATION
I. Factual and Procedural Background
The defendant Cameron Seales has been charged with a violation of probation on or about March 15, 1999. It is undisputed that the defendant's probation arose from a March 29, 1995 conviction and sentencing for the Sale of a Hallucinogen Narcotic, a violation of C.G.S. § 21a-277a. The court (Purtill, J.) imposed a sentence of ten years, execution suspended after eighteen months and three years probation. The defendant was released by the Department of Correction (DOC) on March 28, 1996, at which time his probation commenced.
A violation of probation warrant was issued against the defendant on CT Page 9500 January 7, 1997. On August 7, 1997, the defendant admitted the violation of probation before the court (Purtill, J.). On that same date, the defendant pled in two criminal cases and two motor vehicle cases. On October 30, 1997, the court (Miano, J.) found the defendant in violation of his probation. The court did not revoke his probation but instead continued and extended the period of probation from three to five years (T. 10/30/97, pp. 39-40).
On that same date, the defendant was sentenced to a total effective sentence of eighteen months to serve on the other charges (T. 10/30/97, p. 41). The transcript is clear that it was the intent of the court that the defendant's probation would continue to run while he served this eighteen months sentence on the other charges (T. 10/30/97, pp. 44-45).
On May, 8, 1998, the defendant was released through the DOC to its Transitional Supervision Program. The warrant alleges that the defendant did not reside at his authorized residence and failed to contact his probation officer as he had been directed. Accordingly, on December 14, 1998, a warrant issued charging the defendant with Escape in the 1st degree.
On March 27, 1999, a Violation of Probation warrant issued for the defendant's failure to report, failure to keep probation apprised of his whereabouts, and failure to report immediately his arrest on Escape in the 1st degree.
By a Motion to Dismiss filed May 7, 2002, the defendant moves to dismiss the Violation of Probation, claiming that no probation violation can be found as a matter of law. The state filed a Memorandum in Opposition to the Motion to Dismiss on June 3, 2002. This court heard argument on the motion on June 6, 2002, at which time all parties appeared and had an opportunity to be heard.
II. Discussion
The defendant claims that at the time of the alleged violation of probation, he was still in the custody of the DOC and in the community under the Department's Transitional Supervision program. Accordingly, defendant argues, he had not been released from the custody of DOC and accordingly, the probationary period imposed in October of 1997 had not yet commenced to run.
The state opposes the motion and argues that when the defendant was sentenced on October 30, 1997 to new criminal charges which did not carry a term of probation and sentenced to a violation of probation, which did not involve additional time to serve but did involve a modification of CT Page 9501 the probationary term from three to five years, it was the trial court's intent that the probation was to continue to run while the defendant was serving the eighteen-month sentence. (T. 10/30/97, p. 44-45). The prosecutor also made it clear that the defendant's probation commenced at that moment that he was sentenced on October 30, 1997. (T. 10/30/97).
The state contends and the defendant does not disagree that the defendant was released by DOC to transitional supervision on May 8, 1998. At that time, the state contends the defendant was also on probation from the original sentence imposed by the court (Purtill, J.) in March of 1995, which was subsequently violated and modified on October 30, 1997, by the court. (Miano, J.)
Both defense and the state cite State v. Strickland, 39 Conn. App. 722, cert. denied 235 Conn. 941 (1995). The state contends that Strickland
controls and defense contends that the instant case is distinguishable from Strickland. In Strickland, the defendant was sentenced on the charge of sexual assault in the first degree to a term of 20 years suspended after eight years served and five years probation. On July 27, 1990, DOC released the defendant from custody and his five-year probationary period commenced. A condition of the defendant's probation was that he refrain from violating the criminal laws of this state. On February 28, 1992, the defendant was again arrested and charged on two separate informations:: one count of burglary 3rd and one count of possession of narcotics. The defendant was incarcerated while these charges were pending. On July 27, 1992, the defendant pled guilty to both charges and admitted his violation of probation. The court sentenced him to three years to serve on the burglary 3rd charge and two years to serve on the narcotics charge consecutively for a total effective sentence of five years to serve. The court did not impose any additional time for the defendant's violation of probation. Rather, the court stated that the defendant would remain on probation once he was released under the original terms and conditions.
On March 2, 1993, the defendant was released from jail under the provisions of the DOC's supervised home release program, thus, still remaining under the supervision of DOC and in its legal custody. The defendant was arrested on new criminal charges in October, 1993, removed from the home release program and returned to incarceration. Subsequently, the defendant was once again charged with a violation of probation. The defendant moved to dismiss this charge, claiming that it was impossible for him to be in the custody of the DOC and on probation simultaneously. The defendant argued that during the month of October, 1993, he was in the custody of the DOC by virtue of his supervised home release. He concluded that since he was in the DOC's custody during that time, he was precluded from simultaneously completing the five-year probationary period imposed at his September, 1985 sentencing. He argued CT Page 9502 that he was not on probation; therefore, the court could not find him in violation of probation.
The Appellate Court held that the defendant's argument that he could not be concurrently in custody and on probation was unavailing. The court held that it was apparent that the court on July 27, 1992, when the defendant admitted his violation of probation, continued the defendant's probation. This seems to be a logical conclusion since there does not appear to be any statutory authority to suspend probation once a violation of probation has been determined. See C.G.S. § 53a-30 (c).
The Strickland case is similar to the instant case with one exception: in Strickland, the court could not extend the defendant's probation as it already was the maximum five years; it merely continued his probationary period. In the instant case, the sentencing court extended the defendant's probation from three to five years and continued his probationary period.
Finally, this court agrees with the state that the defendant's reliance on State v. Outlaw, 60 Conn. App. 515 (2000), is misplaced. In Outlaw, the defendant was sentenced on April 4, 1986 to 20 years suspended after ten served, followed by three years probation. During this period of incarceration, he was convicted of additional criminal charges and given an additional 23 months to be served consecutively to the sentence imposed in April. On August 26, 1996, the defendant was released from the custody of the DOC. On April 9, 1998, the defendant was arrested on new criminal charges which led to his arrest on June 25, 1998, for a violation of probation. The defendant filed a motion to dismiss the probation violation, claiming that he had completed the probation from his April 26, 1986 sentence when he was arrested in June of 1998. He argued that his probation for the April sentence commenced in February of 1995 when he completed his term of incarceration on the original April of 1986 sentence. He argued that the three-year period of probation on the April sentence would have expired in February of 1998, months before his June of 1998 arrest for the violation of probation. The court found defendant's argument unpersuasive and held that the defendant's probation on the April 11, 1986 sentence could not commence until he was released from incarceration after he had served the additional consecutive time imposed while he was serving his sentence of April of 1986.
The facts in Outlaw differ from the facts in the instant case. InOutlaw, as the state reports in its brief at p. 3, ". . . the unrelated term of imprisonment was imposed on the defendant before he had completed the incarcerated portion of his sentence and the commencement of his term of probation." In this case, the defendant was continuously on probation, including on March 20, 1999, when the warrant for violation of probation issued. CT Page 9503
III. Conclusion
For the foregoing reasons, the defendant's Motion to Dismiss the Violation of Probation is denied.
Handy, J.