STATE OF CONNECTICUT *v.* CLYDE MACK
(AC 16245)

Lavery, Spear and Sullivan, Js.

Argued May 3—officially released October 12, 1999

*Neal Cone*, assistant public defender, for the appellant (defendant).

*Bruce R. Lockwood*, deputy assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *John Waddock*, senior assistant state's attorney, for the appellee (state).

*Opinion*

SULLIVAN, J. The defendant, Clyde Mack, appeals from the judgment of the trial court granting his probation officer's motion for revocation of his probation.[1] On appeal, the defendant claims that the trial court (1) lacked subject matter jurisdiction to hear and determine the motion to revoke his probation and (2) exceeded its authority in revoking his probation. We reverse the judgment of the trial court.

The following facts and procedural history are relevant to the resolution of this appeal. On November

---

[1] The defendant's appeal form indicates that he also appealed from his narcotics convictions. No issue as to those convictions was raised, and any challenge to them is deemed abandoned.

20, 1987, the defendant was sentenced to four years incarceration, execution suspended, with four years probation for possession of narcotics under General Statutes § 21a-279 (a). The defendant's probationary term began on that date.

On January 18, 1991, the defendant was arrested and charged with narcotics violations that allegedly had occurred on that date and on October 16, 1990. On February 13, 1992, the defendant pleaded guilty to possession of cocaine in violation of § 21a-279 (a), possession of cocaine with intent to sell by a person who is not drug-dependent in violation of General Statutes § 21a-278 (b) and conspiracy to sell cocaine by a person who is not drug-dependent in violation of General Statutes §§ 21a-278 (b) and 53a-48 (a). On April 9, 1992, the defendant's probation officer filed a motion pursuant to Practice Book § 943, now § 43-29, alleging that the defendant's 1992 offenses constituted a violation of the terms of the probation that he was serving for his 1987 conviction. On May 8, 1992, the trial court determined that the defendant violated the conditions of his probation, revoked probation and sentenced him to the remaining four years on the 1987 conviction.[2] This appeal followed.

I

The defendant first claims that the trial court was without subject matter jurisdiction to hear and determine the motion for revocation of probation because he was not on probation at the time of the disposition hearing. We disagree.

"Subject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented

_____

[2] The defendant also was sentenced for the 1992 convictions to a total effective term of twenty years incarceration consecutive to the four years relative to the violation of probation.

by the action before it. 1 Restatement (Second), Judgments § 11. 'A court does not truly lack subject matter jurisdiction if it has competence to entertain the action before it.' *Monroe* v. *Monroe*, 177 Conn. 173, 185, 413 A.2d 819, appeal dismissed, 444 U.S. 801, 100 S. Ct. 20, 62 L. Ed. 2d 14 (1979). Once it is determined that a tribunal has authority or competence to decide the class of cases to which the action belongs, the issue of subject matter jurisdiction is resolved in favor of entertaining the action." *Craig* v. *Bronson*, 202 Conn. 93, 101, 520 A.2d 155 (1987).

"A court may raise the issue of its subject matter jurisdiction sua sponte and must dismiss the case if it finds subject matter jurisdiction to be lacking. *Park City Hospital* v. *Commission on Hospitals & Health Care*, 210 Conn. 697, 702, 556 A.2d 602 (1989). [O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case. . . . *Castro* v. *Viera*, 207 Conn. 420, 429, 541 A.2d 1216 (1988). The question of whether the court has such jurisdiction, however, must be informed by the established principle that every presumption is to be indulged in favor of jurisdiction. *Lauer* v. *Zoning Commission*, 220 Conn. 455, 460, 600 A.2d 310 (1991)." (Internal quotation marks omitted.) *State* v. *Carey*, 222 Conn. 299, 305, 610 A.2d 1147 (1992), on appeal after remand, 228 Conn. 487, 636 A.2d 840 (1994).

Our Supreme Court, in *Amodio* v. *Amodio*, 247 Conn. 724, 727–28, 724 A.2d 1084 (1999), distinguished between a trial court's "jurisdiction" and its "authority to act" under a particular statute and found, in that case, that the trial court had subject matter jurisdiction to decide whether the defendant's support obligation should be modified. The Supreme Court reasoned that "[a]lthough related, the court's authority to act pursuant

to a statute is different from its subject matter jurisdiction. 'The power of the court to hear and determine, which is implicit in jurisdiction, is not to be confused with the way in which that power must be exercised in order to comply with the terms of the statute.' *Bailey* v. *Mars*, 138 Conn. 593, 601, 87 A.2d 388 (1952)." *Amodio* v. *Amodio*, supra, 728.

"The Superior Court hearing a criminal matter acquires subject matter jurisdiction from its authority as 'a constitutional court of unlimited jurisdiction. Conn. Const., art. 5, § 1.'" *State* v. *Carey*, supra, 222 Conn. 305–306. "Because [r]evocation is a continuing consequence of the original conviction from which probation was granted . . . and the inherent authority to convict and sentence a defendant flows from the authority to adjudicate a criminal cause of action, the subject matter jurisdiction over a probation revocation proceeding derives from the original presentment of the information." (Citation omitted; internal quotation marks omitted.) Id., 306.

We conclude, therefore, that the trial court had subject matter jurisdiction over the defendant's probation revocation.

## II

The defendant next argues that the trial court lacked the authority to revoke his probation because he was no longer on probation when the motion to revoke his probation was filed. We agree.

The motion to revoke the defendant's probation was brought pursuant Practice Book § 943, now § 43-29, which provides in relevant part that "[i]n cases where the revocation of probation is based upon a conviction for a new offense and the defendant is before the court or is being held in custody pursuant to that conviction, the revocation proceeding may be initiated by a motion

to the court by a probation officer . . . . If the defendant admits the violation or the judicial authority finds from the evidence that the defendant committed the violation, the judicial authority may make any disposition authorized by law. . . ."

In *State* v. *Egan*, 9 Conn. App. 59, 514 A.2d 394, cert. denied, 201 Conn. 811, 516 A.2d 886 (1986), the state initiated a revocation procedure under § 943 for criminal acts committed during the defendant's probationary term. After the defendant's probationary period had ended, the trial court found that a condition of his probation had been violated by the criminal acts committed during the period of probation and, therefore, revoked the defendant's sentence of probation and imposed a sentence of imprisonment.

In *Egan*, this court reversed the trial court's judgment revoking the defendant's probation. Id., 73. "Pursuant to General Statutes § 53a-31 (b), the running of the probationary period is tolled where the revocation is commenced pursuant to the provisions of General Statutes § 53a-32.[3] There is, in contrast, no comparable statutory provision which tolls the running of the probationary period where the procedures outlined in Practice Book § 943 are used. Accordingly, where the state chooses to proceed solely under the provisions of § 943, the sentence of probation is not tolled, and the state must, therefore, not only commence the revocation, but also complete it, during the sentence of probation." Id.

In *Egan*, the defendant's probation was in effect when the motion for revocation was filed, but the probation

[3] General Statutes § 53a-32 (a) provides in relevant part: "At any time during the period of probation or conditional discharge, the court or any judge thereof may issue a warrant for the arrest of a defendant for violation of any of the conditions of probation or conditional discharge, or may issue a notice to appear to answer to a charge of such violation, which notice shall be personally served upon the defendant. . . ."

had expired by the time the decision on it was rendered. Here, the motion to revoke the defendant's probation was filed on April 9, 1992, well after his probationary term had expired. It is undisputed that the provisions of § 53a-32 were not followed.[4]

We conclude, therefore, that, although the trial court had subject matter jurisdiction, it lacked the authority to revoke the defendant's probation because the period of probation had expired before the revocation motion was filed. "Once a sentence has been fully served, it may not be increased." Id.

The judgment revoking the defendant's probation is reversed and the case is remanded with direction to render judgment denying the motion for revocation.

In this opinion the other judges concurred.

---

[4] The state concedes that the defendant's probation revocation was invalid under the facts of this case because the state failed to initiate and complete the revocation proceeding before the probationary term had expired.