MEMORANDUM OF DECISION
The respondent Kelly F. moves to dismiss the petition pending CT Page 2817 against her dated September, 17, 1999 alleging she violated court orders in violation of § 46b-120 (5)(B) C.G.S. at New Britain on various dates. The respondent argues that there is insufficient cause to justify the bringing or continuing the proceedings under this petition because the court lacks authority to revoke her probation since she is no longer on probation. Four days remained in the period of respondent's probation when this petition was filed. In support of her position she cites C.G.S. § 54-56, Conn. Practice Book § 41-8(5) and (9), the Fourth andFourteenth Amendments to the U.S. Constitution and Art. 1, Sections 7 and 8
of the Connecticut Constitution.
The following facts are found by the court. On June 21, 1999, Kelly F., who was sixteen years of age with a date of birth of May 31, 1983, was placed under court orders of probation by Judge Robert Shapiro for a period of three months expiring on September 21, 1999. In addition to the usual court ordered conditions, the following two special conditions were also included — cooperate with placement by DCF and name to be released to the victim. On Sept. 16, 1999, respondent's probation officer subscribed and swore to an affidavit which alleged violations of the first special condition. These alleged violations are that Kelly F. repeatedly violated her treatment agreement with DCF, continually extended her home visits without DCF's permission or that of her foster parents', failed to follow house rules becoming more and more out of control and statements attributed to Kelly that she would not cooperate with any other DCF proposed placements. Based upon this affidavit, the juvenile prosecutor on September 17, 1999 signed a petition/information charging the respondent with a violation of court orders. On the same date the assistant clerk signed an order for hearing and summons and set the hearing date for Monday, October 4, 1999, at the New Britain Courthouse at 9:45 A.M. By mail service on September 20, 1999, the probation officer gave notice to Kelly F., her parents and the DCF social worker. There was no evidence presented nor was it placed in dispute at oral argument as to when the parties received their notice.
On October 4, 1999 Kelly F. appeared at the courthouse with her DCF worker, mother and father as ordered. At that time she was advised of her rights, pro forma denials to the petition were entered, the public defender was assigned as her counsel and an attorney guardian ad litem was appointed for Kelly. Subsequently this motion was filed. CT Page 2818
Section 46b-120 (5) of the Conn. General Statutes holds in pertinent part that "a child may be convicted as `delinquent' who has violated . . . (B) any order of the Superior Court . . . ."[2] "Child" in § 46b-120 (1)(B) as amended by Public Act 98-256 is defined as any person "sixteen years of age or older who . . . subsequent to attaining sixteen years of age, violates any order of the Superior Court or any condition of probation ordered by the Superior Court with respect to such delinquency proceeding".[3] The state, proceeding under these sections, alleged that the respondent had violated the court orders imposed on June 21, 1999. The violation was brought by a petition filed on September 17, 1999, within the period of probation, and supported by an affidavit signed and sworn on September 16, 1999. Pursuant to § 46b-128 (b) C.G.S., the petition with an order for hearing and summons was issued by the assistant clerk of court requiring the respondent child, the parents and DCF to appear in court on the specified date of Monday October 4, 1999 at 9:45 A.M. Service of the summons with the verified petition was made by first class mail on September 20, 1999 as permitted by § 46b-128 (b)(3) C.G.S.[4] No claim is made that respondent received this notice after September 21, 1999. Indeed the respondent, her parents and DCF appeared at the designated court date, submitted to the jurisdiction of the court and thereby waived any personal jurisdiction defects at that time.
As the court reaffirmed in State v. Mack, 55 Conn. App. 232
(1999) at pages 234 235, citing Craig v. Bronson, 202 Conn. 93,101, 520 A.2d 155 (1987):
 "Subject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented by the action before it. 1 Restatement (Second), Judgments § 11. `A court does not truly lack subject matter jurisdiction if it has competence to entertain the action before it.' Monroe v, Monroe, 177 Conn. 173, 185, 413 A.2d 819, appeal dismissed, 444 U.S. 801, 100 S.Ct. 20, 62 L.Ed. 2nd 14 (1979). Once it is determined that a tribunal has authority or competence to decide the class of cases to which the action belongs, the issue of subject matter jurisdiction is resolved in favor of entertaining the action."
Public Act 98-256 amended § 46-121 (a) C.G.S. to provide that juvenile matters in the criminal session include proceedings concerning "persons sixteen years of age and older who are under the supervision of a juvenile probation officer while on CT Page 2819 probation or a suspended commitment to the Department of Children and Families, for purposes of enforcing any court orders entered as part of such probation or suspended commitment". Pursuant to this section, therefore, the court has subject matter jurisdiction even though the respondent was over 16 years of age as of the date of the alleged violation.
The respondent claims that since the court orders of the probation expired on September 21, 1999 that under the circumstances of this case, the court now lacks jurisdiction. The genesis of respondent's argument would appear to rely upon the interpretation of the adult probation General Statutes § 53a-31
and § 53a-32 and Practice Book section 943, now § 43-29, as they have been interpreted by case law. See State v. Egan,9 Conn. App. 59 (1986) and State v. Mack, supra.
These statutory and Practice Book sections apply to the imposition of adult probation which is coupled with a full or partial suspended sentence. See §§ 53a-28 through § 53a-34 C.G.S. Upon a proven violation, the sentence may be re-opened and all or part of the suspended portion of that sentence may be executed. Such is not the same with the imposition of court orders of probation in the juvenile system. When probation is imposed as was here upon a juvenile, no suspended sentence attached to that probation. Therefore, there is no sentence to execute and impose if a violation of court orders is subsequently found. The court simply imposes orders which are to be complied with over a set period of time. If no violation of these orders is instituted during the period of probation, the orders cease to exist on the date of termination of probation. However, if there is an alleged violation of the court orders the probation officer traditionally seeks a petition within the period of probation and the respondent must appear and defend the allegations.[5]
The respondent submits that revocation of juvenile probation is governed by C.G.S. § 53a-32 and C.P.B. § 43-29. This by implication assumes that § 53a-31 (b) is also applicable to respondents placed on probation. The respondent offers no authority for this proposition only in erroneously stating that ". . . the juvenile section of both the Practice Book and the Connecticut General Statutes does not discuss procedure for initiating a violation of probation in juvenile court." Respondent's Brief at page 3. See footnote 5.
Under Chapter 815t, entitled "Juvenile Matters", of the General CT Page 2820 Statutes § 46b-120 (5)(B) dictates that a child may be convicted as a "delinquent" who has violated any order of the Superior Court. The court may upon conviction dispose of the violation of court orders in the same manner as it would of any other violation of the law under § 46b-140 C.G.S. This is in sharp contrast to sentencing of an adult violation of probation offender wherein the court may re-open the judgment and impose the unexpired portion of the suspended sentence or any other disposition permitted by statute. See C.G.S. § 53a-32 (b). Indeed, section 53a-28 C.G.S. subsection (d) holds that "(a) sentence to a period of probation . . . shall be deemed a revocabledisposition, in that such sentence shall be tentative to the extent that it may be altered or revoked in accordance with" the violation of adult probation sections of the statutes. (Underlining added.) A revocation of probation is a continuing consequence of the original conviction from which probation was granted and subject matter jurisdiction over a probation revocation proceeding derives from the original presentment of the information. State v. Carey, 222 Conn. 299, 306 (1992); Statev. Mack, Supra at 236. Such is not true with a violation of court orders of juvenile probation. The orders are not tentative. There is no underlying suspended sentence and the probation, therefore, is not a revocable disposition. The essence or nature of an alleged violation of court orders of juvenile probation is significantly different than adult probation coupled with a suspended sentence. See § 46b-121h, "Goals of juvenile justice system", and also § 46b-121i and § 46b-121j C.G.S.
Another reason General Statutes § 53a-32 and § 53a-31, the adult violation of probation sections, fail to apply to juveniles is by the very language contained in the statute. Section 53a-31 (b) states that an issuance of a warrant or notice to appear for a violation pursuant to § 53a-32 shall toll the running of the probation. It continues that in the absence of a warrant or notice to appear and the defendant fails to comply with his conditions of probation such failure "shall not relieve theOffice of Adult Probation from the responsibility of supervising the defendant". (Emphasis added.). Clearly by its very words this section applies to adults on probation and not juveniles. Also the word "defendant" is used throughout whereas juveniles are referred to as "respondents". All of this demonstrates that these sections were drafted for adult offenders only and were never intended to include juveniles.
A third reason § 53a-32 is not applicable to juveniles is that CT Page 2821 § 46b-125 (b), the juvenile sections of the General Statutes, states in part that "any juvenile probation officer . . . may arrest any juvenile on probation without a warrant . . . by giving him a written statement setting forth that the juvenile has, in the judgment of the juvenile probation officer . . . violated the conditions of his probation." (Emphasis added.) This exact same subsection, absent the word "juvenile", appears in § 53a-32 (a) C.G.S. If § 53a-32 was intended to apply to juvenile offenders as urged by the respondent, there would be no need to repeat this language in § 46b-125 (b) of the juvenile chapter of the C.G.S. That this subsection appears verbatim except for the word "juvenile" is strong evidence that § 53a-31 and 32 apply solely to adults. If § 53a-31 and 32 applied to juvenile offenders, as the respondent urges, then this language in § 46b-125 (b) would be redundant and duplicatous.
Finally if these adult probationary statutory sections §§ 53a-31
and 32 were meant to be part of the juvenile scheme they could have easily been referenced in Chapter 815t. The juvenile statutory sections are void of any reference whatsoever to either § 53a-31 and/or § 53a-32 C.G.S.
The burden of proof required to prove an adult violation of probation and that of proving a violation of court orders in the juvenile system are substantially different. When the state elects to proceed with a new petition charging a violation of juvenile court orders, it is incumbent upon them to establish such violation beyond a reasonable doubt. There is a lesser standard of proof required of an alleged violation of adult probation i.e. by the introduction of reliable and probative evidence and by a preponderance of the evidence. Section 53a-32
(b) C.G.S. For all the above reasons it appears that General Statutes § 53a-31 and § 53a-32 do not apply to juvenile proceedings and respondent's arguments based upon their application therefore, fail.
The petition and the affidavit in support of the petition adequately placed the respondent on notice as to the alleged violations. More specific information may be sought through a Bill of Particulars or by pre-trial discovery motions as permitted under Conn. Practice Book § 35-3; § 40-11 through 16; § 41-20 through 22.
There was an alleged violation of court order which had been instituted by filing a delinquency petition in a timely fashion CT Page 2822 within the period the court orders were in effect. It was filed prior to their expiration. Service was made pursuant to statute and respondent submitted to that jurisdiction and denied the charges. Here the case at issue belongs to the general class of cases over which this court has cognizance, the respondent has been properly served and brought before the court and the issue to be decided was sufficiently alleged in the petition. SeeTelesco v. Telesco, 187 Conn. 715, 719-720 (1982) and State v.Anthony, 24 Conn. App. 195 (1991). The court properly has jurisdiction over this matter.
The state has perfected its alleged violation of court orders by the procedure it followed here. The respondent's Motion to Dismiss must, therefore, and is hereby denied for the foregoing reasons.
BRADFORD J. WARD PRESIDING JUDGE FOURTEENTH JUDICIAL DISTRICT SUPERIOR COURT
[2] Section 46b-120 (5) C.G.S. in subsection (C) also states that a child may be convicted as "delinquent" who has violated "conditions of probation as ordered by the court." The court is deciding this motion as it has been presented as an alleged violation of a court order under § 46b-120 (5)(B) and not as a violation under § 46b-120 (5)(C).
[3] Prior to the enactment of P.A. 98-256 the state was barred from bringing a petition against a person who had attained the age of 16 years while on probation who had committed a "status" or "technical" violation of his probation.
[4] The court notes that General Statutes § 46b-128 (b)(1) (2) allows service to be made in three other ways — by delivery to the person summoned, by abode service or by restricted with return receipt requested mail service. It would appear that the better practice for service of the summons in the type of case be perfected by one of these three alternative methods, preferably personal service.
[5] In practice in New Britain Juvenile Court the probation department rarely, if ever, proceeds against a violation of court orders of probation by arrest without a warrant as allowed under § 46b-125 (b) C.G.S. or arrest pursuant to a warrant as authorized CT Page 2823 in § 46b-140a (c) unlike adult probation violations wherein many such prosecutions are commenced by arrest pursuant to a warrant under § 53a-32 C.G.S.