******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* TYRONE
LAWRENCE KELLEY
(AC 36992)

Gruendel, Alvord and West, Js.*

*Argued January 19—officially released March 29, 2016*

(Appeal from Superior Court, judicial district of New
Haven, Vitale, J.)

*Robert E. Byron*, assigned counsel, for the appellant (defendant).

*Rocco A. Chiarenza*, assistant state's attorney, with
whom, on the brief, were *Michael Dearington*, state's
attorney, *Maxine V. Wilensky*, senior assistant state's
attorney, and *LisaMaria Proscino*, special deputy assistant state's attorney, for the appellee (state).

*Opinion*

GRUENDEL, J. The defendant, Tyrone Lawrence Kelley, appeals from the judgment of the trial court revoking his probation and committing him to the custody of the commissioner of correction for five years. His principal claim is that the court lacked subject matter jurisdiction over the probation revocation proceeding. The defendant also argues, in the alternative, that the court abused its discretion in sentencing him. We affirm the judgment of the trial court.

In 2004, the defendant was convicted of possession of narcotics with the intent to sell in violation of General Statutes § 21a-277 (a). On November 19, 2004, the court sentenced the defendant to a term of nine years incarceration, execution suspended after four years, with five years of probation. The conditions of his probation required, inter alia, that the defendant "not violate any criminal law of the United States, this state or any other state or territory."

On September 19, 2008, the defendant's probationary period commenced upon his release from the custody of the Department of Correction. Approximately thirteen months later, the defendant on October 26, 2009, was arrested and charged with, inter alia, possession of a controlled substance in violation of General Statutes (Rev. to 2009) § 21a-279 (c). In response, his probation officer obtained an arrest warrant for the defendant's violation of the terms of his probation.[1] While those charges were pending, the defendant again was arrested following an incident that transpired on August 7, 2011, and was charged with robbery in the first degree in violation of General Statutes § 53a-134 (a) (2), carrying a pistol without a permit in violation of General Statutes § 29-35, criminal possession of a firearm in violation of General Statutes § 53a-217 (a) (1), and interfering with a police officer in violation of General Statutes § 53a-167a (a).

On March 24, 2014, the state filed a long form information alleging that the defendant breached the terms of his probation in violation of General Statutes § 53a-32, due to his October 26, 2009, and August 7, 2011 arrests. The parties thereafter stipulated to the consolidation of the defendant's probation revocation proceeding with the May, 2014 trial on his criminal charges stemming from the events of August 7, 2011. During that trial, the state presented testimonial and documentary evidence regarding the offenses allegedly committed on that date. In addition, the state submitted evidence outside of the presence of the jury regarding the defendant's October 26, 2009 arrest for possession of a controlled substance.

When the trial concluded, the court heard argument from the parties on the violation of probation allegations. At that time, defense counsel conceded, "I do not

feel that I can honestly represent to the court that there [is] really an argument as to the violation of probation [on the] possession of drugs" charge. The court thereafter found, by a preponderance of the evidence, that the defendant violated the terms of his probation in that he "did knowingly possess a quantity of a controlled substance in violation of § 21-279 (c)." The court further found that the defendant also violated those terms by "committing the crimes of robbery in the first degree, interfering with a police officer, carrying a pistol without a permit, and possession of a weapon by a convicted felon all in violation of the General Statutes." In the dispositional phase of the violation of probation proceeding, the court found that "the beneficial aspects of rehabilitation are no longer being served." The court therefore revoked the defendant's probation and sentenced him to a term of five years incarceration. From that judgment, the defendant now appeals.

I

The defendant first claims that the trial court lacked subject matter jurisdiction over the revocation of probation proceeding. Specifically, he posits that his probationary period concluded on September 18, 2013, five years after his release from incarceration. He thus argues that the court lacked jurisdiction over him at the time of the May, 2014 probation revocation proceeding. We do not agree.

Although the defendant did not raise this claim before the trial court, it nonetheless is reviewable, as it implicates the subject matter jurisdiction of that court. See *State* v. *Velky*, 263 Conn. 602, 605 n.4, 821 A.2d 752 (2003) (subject matter jurisdiction may be raised for first time on appeal). "Questions regarding subject matter jurisdiction are purely legal in nature and subject to plenary review." (Internal quotation marks omitted.) *State* v. *Ramos*, 306 Conn. 125, 133, 49 A.3d 197 (2012).

"Subject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented by the action before it. . . . Jurisdiction involves the power in a court to hear and determine the cause of action presented to it . . . . The Superior Court hearing a criminal matter acquires subject matter jurisdiction from its authority as a constitutional court of unlimited jurisdiction. . . . The Superior Court's authority in a criminal case becomes established by the proper presentment of the information . . . which is essential to initiate a criminal proceeding. . . . [U]pon the return to the Superior Court of the indictment . . . against the accused, it obtained the sole and original jurisdiction of the charge therein made . . . . There is no doubt that the court may order probation and take it away. . . . Because [r]evocation is a continuing consequence of the original conviction from which probation was granted . . . and the inherent authority to convict and sentence a defendant flows from the author-

ity to adjudicate a criminal cause of action, the subject matter jurisdiction over a probation revocation proceeding derives from the original presentment of the information." (Citations omitted; internal quotation marks omitted.) *State* v. *Carey*, 222 Conn. 299, 304–306, 610 A.2d 1147 (1992).

At its essence, the defendant's claim is that although his arrest and arraignment before the Superior Court were timely, the failure to conduct his probation revocation proceeding prior to September 18, 2013, deprived the court of jurisdiction over that matter. That contention is contrary to the plain language of General Statutes § 53a-31 (b), which provides in relevant part that "[t]he issuance of a warrant or notice to appear, or an arraignment following an arrest without a warrant, for violation [of probation] pursuant to section 53a-32 shall interrupt the period of the sentence until a final determination as to the violation has been made by the court." See also *State* v. *Egan*, 9 Conn. App. 59, 73 n.5, 514 A.2d 394 ("[w]here . . . the revocation [of probation proceeding] is initiated by arrest warrant, the running of the sentence of probation is tolled"), cert. denied, 201 Conn. 811, 516 A.2d 886 (1986). Accordingly, the December 29, 2009 issuance of his arrest warrant for violating the terms of his probation tolled the defendant's probationary period.[2]

Moreover, we note that this court previously has rejected a claim akin to that advanced by the defendant in this appeal. In *State* v. *Mack*, 55 Conn. App. 232, 234, 738 A.2d 733 (1999), the defendant was arrested and charged with various narcotics offenses while on probation. Months after his probationary period concluded, the defendant entered a guilty plea, and his probation officer thereafter filed with the court a motion to commence a violation of probation proceeding. Id. Following the revocation of his probation by the trial court, the defendant appealed to this court, claiming that "the trial court was without subject matter jurisdiction to hear and determine the motion for revocation of probation because he was not on probation at the time of the disposition hearing." Id. This court concluded otherwise, holding that "the trial court had subject matter jurisdiction over the defendant's probation revocation." Id., 236. That precedent compels a similar result in the present case.

The defendant nevertheless submits, as an ancillary claim, that the legislature's amendment of § 53a-32 (c) in 2008 also deprived the court of subject matter jurisdiction. See Public Acts 2008, No. 08-102, § 7 (P.A. 08-102). As a result of that amendment, subsection (c) of § 53a-32 provides in relevant part that when a defendant has been arrested for violating the conditions of probation, "[u]nless good cause is shown, a charge of violation of any of the conditions of probation or conditional discharge shall be disposed of or scheduled for a hear-

ing not later than one hundred twenty days after the defendant is arraigned on such charge." The defendant thus claims that because his violation of probation proceeding was neither disposed of nor scheduled for a hearing within 120 days of his arraignment, the trial court "lost any and all jurisdiction over any aspect of his probation." For two distinct reasons, we disagree.

First, we are not persuaded that the 120 day limitation provided in § 53a-32 (c) implicates subject matter jurisdiction, as the defendant maintains. The existence of the "good cause" exception specified in § 53a-32 (c) undermines that contention, as subject matter jurisdiction is a prerequisite to adjudication that "cannot be waived by anyone, including [the] court." *Simms* v. *Warden*, 229 Conn. 178, 185, 640 A.2d 601 (1994). The trial court's ability to waive the 120 day limitation for good cause cannot be reconciled with that fundamental precept.[3]

Moreover, the legislative history surrounding the enactment of the 120 day limitation indicates that it was intended to serve as a goal, rather than a jurisdictional bar. During floor debate regarding P.A. 08-102 in the House of Representatives, Representative Michael P. Lawlor explained that the aim of the 120 day limitation was to prevent violation of probation cases from lingering on the dockets of our trial courts. 51 H.R. Proc., Pt. 13, 2008 Sess., p. 4221. Representative Lawlor distinguished the 120 day limitation from "the speedy trial mechanism," noting that "the speedy trial is a right. . . . [T]his [120 day limitation] is not the same thing, this is basically a guideline, [a] goal being articulated by the Legislature imposed on the judge really to bring a case to hearing." Id., 4224–25. Representative Lawlor also emphasized that "there may be circumstances which require an extension of time" and reiterated that "[t]here would be no right of the defendant to have a hearing in 120 days under [§ 53a-32 (c)] . . . . So it is a little bit different in that respect. It is advisory on the part of the Legislature . . . ." Id., 4225. Representative Arthur J. O'Neill later inquired as to whether any penalty existed for a court's noncompliance with the 120 day limitation. Id., 4226. Representative Lawlor responded that the only penalty would be the trial judge having to answer for that noncompliance during a reconfirmation proceeding before the legislature. Id., 4227–28. That legislative history further persuades us that the 120 day limitation of § 53a-32 (c) is not jurisdictional in nature.

Second, even if that limitation were jurisdictional in nature, the defendant cannot prevail, as the record before us lacks any basis to ascertain whether the court, in fact, failed to comply with § 53a-32 (c). It is the responsibility of the appellant to provide this court with an adequate record for review. See Practice Book § 61-10; *Brown & Brown, Inc.* v. *Blumenthal*, 288 Conn. 646, 656 n.6, 954 A.2d 816 (2008) (appellant must ensure that

record is perfected for presentation of appeal). Without an adequate record, we are left to speculation and conjecture; *Gelormino* v. *Liberman*, 36 Conn. App. 153, 154, 649 A.2d 259, cert. denied, 231 Conn. 946, 653 A.2d 826 (1994); which "have no place in appellate review." (Internal quotation marks omitted.) *New Hartford* v. *Connecticut Resources Recovery Authority*, 291 Conn. 502, 510, 970 A.2d 578 (2009). Significantly, the defendant has not provided this court with a transcript of his arraignment proceeding on the violation of probation charge. He likewise has failed to furnish numerous transcripts of criminal proceedings that transpired between the time that his arrest warrant was issued in December, 2009, and his violation of probation proceeding that transpired in May, 2014. The record indicates that the defendant was arrested on multiple occasions for additional crimes, including robbery and home invasion, during that time period. Yet the defendant has provided this court with little documentation of the various proceedings that transpired over those years. Furthermore, at no time in the proceedings before the trial court did the defendant raise any claim regarding the alleged noncompliance with the 120 day limitation. As a result, the record is silent as to why his probation revocation proceeding exceeded that limitation.

Section 53a-32 (c) articulates a good cause exception to its 120 day limitation. Without an adequate record on which to review the defendant's claim, an appellate court simply cannot determine whether that exception applies. Such is the case here. We therefore reject the defendant's claim that the trial court lacked subject matter jurisdiction over the violation of probation proceeding.

## II

The defendant also claims that the court improperly sentenced him to a term of five years incarceration. "The standard of review of the trial court's decision at the [dispositional] phase of the revocation of probation hearing is whether the trial court exercised its discretion properly by reinstating the original sentence and ordering incarceration. . . . In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling. . . . Reversal is required only where an abuse of discretion is manifest or where injustice appears to have been done." (Internal quotation marks omitted.) *State* v. *Altajir*, 303 Conn. 304, 315, 33 A.3d 193 (2012).

The defendant argues that court abused its discretion because he allegedly "had served most, if not all" of the probationary period. That claim is factually untenable. His probationary period began to run on September 19, 2008, and was tolled by the December 29, 2009 issuance of his arrest warrant pursuant to § 53a-31 (b). He thus served only sixteen months of his five year

probationary period.

In addition, the defendant has provided no authority for the proposition that a sentencing judge, in a probation revocation proceeding, is obligated to credit the amount of time served in a probationary period in sentencing a defendant whose probation has been revoked. Connecticut law provides otherwise. Pursuant to General Statutes § 53a-32 (d), the court in such instances "*shall require the defendant to serve the sentence imposed or impose any lesser sentence.* Any such lesser sentence may include a term of imprisonment, all or a portion of which may be suspended entirely or after a period set by the court, followed by a period of probation with such conditions as the court may establish. . . ." (Emphasis added.) The trial court plainly is vested with discretion to sentence a defendant to serve the sentence imposed, as the court did here. See *State* v. *Tabone*, 292 Conn. 417, 429, 973 A.2d 74 (2009) (if defendant violates probation on final day of probationary period "he would be exposed to the full suspended sentence of . . . incarceration").

On the evidence before it, the court found that "the beneficial aspects of rehabilitation are no longer being served." We cannot quarrel with that determination. The defendant's original conviction was for possession of narcotics with the intent to sell. Approximately one year into his probationary period, the defendant in 2009 was arrested and charged with various drug related offenses, including possession of a controlled substance. Following the commencement of a probation revocation proceeding against him, the defendant again was arrested in 2011, and charged with robbery in the first degree, carrying a pistol without a permit, criminal possession of a firearm, and interfering with a police officer. The trial court also received evidence that in June, 2013, the defendant was arrested following the robbery of a convenience store and, later that year, he was arrested following a home invasion in which he allegedly duct taped the victim. During his period of probation, the defendant twice tested positive for marijuana. Furthermore, the defendant's probation officer testified that, due to the defendant's ongoing criminal behavior, continuation of probation was inappropriate, as its rehabilitative ends could not be met.

The evidence before the court amply supports its decision to require the defendant to serve the full suspended sentence originally imposed in his underlying criminal proceeding. The court, therefore, did not abuse its discretion in sentencing the defendant to a term of five years incarceration.

The judgment is affirmed.

In this opinion the other judges concurred.

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

[1] That arrest warrant application was signed by the defendant's probation

officer on December 10, 2009; was signed by the prosecutor on December 24, 2009; and was authorized by the court, *Thompson*, *J.*, on December 29, 2009. Following his arrest, the judgment file indicates that the defendant was arraigned on the violation of probation charge on January 26, 2010.

[2] The defendant relies on two cases to support his sweeping proposition that, once commenced, a defendant's probationary period cannot be suspended or tolled. Neither substantiates the defendant's claim. In *State* v. *Welwood*, 258 Conn. 425, 426, 780 A.2d 924 (2001), our Supreme Court held that a trial court lacks subject matter jurisdiction "to impose conditions of probation that remain in effect after the expiration of the probation." In that case, the sentencing court imposed the maximum statutory period of probation. Id., 433. The sentencing court further "required that the defendant enter into the written agreement with the state, which the state could seek to enforce after the term of probation, and the court's jurisdiction, had ended." Id., 434. The Supreme Court concluded that "the sentencing court had no jurisdiction to impose the condition or to require the defendant to enter into such an agreement"; id.; as such an order "would have the effect . . . of extending the term of probation authorized by statute." (Internal quotation marks omitted.) Id., 435. No such conditions or orders are at issue in the present case.

Contrary to the defendant's contention, in *State* v. *Strickland*, 39 Conn. App. 722, 667 A.2d 1282 (1995), cert. denied, 235 Conn. 941, 669 A.2d 577 (1996), this court recognized—consistent with § 53a-31 (b) and *State* v. *Egan*, supra, 9 Conn. App. 73 n.5—that "[a] violation brought pursuant to § 53a-32 interrupts the period of the sentence as of the date of the issuance of the warrant or notice to appear only until a final determination as to the violation has been made by the court." *State* v. *Strickland*, supra, 731. The court in *Strickland* also noted that "[o]nce the trial court determined a violation of probation [had occurred], there was no statutory authorization for interruption of the probationary period." Id. *Strickland*, therefore, is inapposite to the present case, in which the defendant's probationary period was tolled in December of 2009, by the issuance of his arrest warrant for violating § 53a-32. Unlike *Strickland*, the court here did not suspend the defendant's period of probation following its finding that a violation had transpired. Rather, the court in the present case revoked the defendant's probation and sentenced him to five years incarceration.

[3] The defendant claims that in *State* v. *Kevalis*, 313 Conn. 590, 99 A.3d 196, (2014), our Supreme Court "determined that [the 120 day] requirement does indeed constitute a statutory imperative" that compels the conclusion that the court lacked jurisdiction in the present case. We do not agree. *Kevalis* did not involve a claim regarding the operation of § 53a-32 (c) and our Supreme Court did not engage in an analysis or statutory interpretation of that statute. Rather, the distinct issue presented in that case was "whether a trial court has discretion to make a finding of satisfactory completion of the accelerated rehabilitation program . . . when the defendant has been convicted of a crime during his participation in the program, but the conduct forming the basis of the conviction occurred before the defendant was granted entry into the program." *State* v. *Kevalis*, supra, 592. In the course of its discussion, the court noted the general proposition articulated in § 53a-32 (c) that when a defendant is charged with violating the terms of probation, he should receive notice and a probation revocation hearing within 120 days after arraignment. Id., 602. The court did not further explore that statutory provision, nor did it deem it necessary to address the "good cause" exception contained therein. *Kevalis*, therefore, has no bearing on the issue before us.

---